(50 South. 593.)

No. 17,717.

LANDRY v. RAMOS LUMBER & MFG. CO., Limited.

In re RAMOS LUMBER & MFG. CO., Limited.

(Nov. 2, 1909.)

1. CERTIORARI (§ 39*)—TIME FOR APPLICATION —EFFECT OF FAILURE TO APPLY IN TIME.

Unless the application for the review of a judgment rendered by a Court of Appeal be made within the time allowed by article 101 of the Constitution (that is to say, within 30 days after the rendition and entry of the judgment refusing a rehearing), this court is prohibited from exercising such jurisdiction.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 57, 60; Dec. Dig. § 39.*]

2. CERTIORARI (§ 39*)—TIME FOR APPLICATION—COMMENCEMENT OF RUNNING.

The delay within which an application for the review of a judgment rendered by a Court of Appeal must be made begins to run from the rendition and entry of the judgment in the Court of Appeal, and not from the date upon which such judgment may be filed in the district court.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 39.*]

3. CERTIORARI (§ 66*) — REVIEW — PRESUMPTION.

Where, upon the face of the record, it appears that a judgment was rendered by a Court of Appeal on a particular day, and was filed on that day by the clerk of the court, it will be presumed, in the absence of any suggestion to the contrary, that it was entered upon the minutes on the same day.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 66.*]

(Syllabus by the Court.)

Action by Louis Landry against the Ramos Lumber & Manufacturing Company, Limited. Plaintiff had judgment, which was affirmed in a Court of Appeal, and defendant applies for certiorari or writ of review to the Court of Appeal. Application dismissed.

Beattie & Beattie, for applicant. Marks, Wortham & Le Blanc, for respondents.

MONROE, J. Plaintiff obtained a judgment in the district court, which was affirmed in the Court of Appeal by judgment rendered on April 14, 1909. A rehearing was applied for, and was denied by a judgment rendered in chambers and filed on May 8, 1909, and which we are bound to assume (there being no suggestion to the contrary) was entered upon the minutes upon the day that it was rendered and filed. This application was made more than 30 days afterwards. Counsel for plaintiff, suggesting the facts stated (which appear upon the face of the record) and the law applicable thereto, move that the application for review be dismissed, as not having been made within the delay allowed by law. Counsel for the applicant call attention to the fact that the decree of the Court of Appeal denying the rehearing was filed in the district court on May 13, 1909, and contend that the delay allowed for this application began to run from that date.

The Constitution (article 101), in providing for the review by this court of judgments rendered by the Courts of Appeal, declares:

"That the Supreme Court shall, in no case, exercise the power conferred on it by this article unless the application he made to the court, or to one of the justices thereof, not later than thirty days after the decision of the Court of Appeal has been rendered and entered."

And Act No. 191, p. 437, of 1898 (section 2), reads, in part:

"That, within 30 days after the rendition and entry of a judgment in any case by the Court of Appeal, the party cast in the suit or any other person, in interest, who may feel aggrieved thereby, shall have the right to bring the case before the Supreme Court. * * *

"The party desiring to avail himself of the remedy provided by this section, pursuant to the provision of article 101 of the Constitution, shall, within the delay above mentioned, file, in the clerk's office of the Supreme Court, his petition and application," etc.

We think it clear that the date at which the decree of the Court of Appeal was filed in the district court has no bearing upon the question at issue, and that, the application now under consideration having been made after the expiration of the time allowed, this court is prohibited by the Constitution from exercising the jurisdiction invoked. Rimmer v. Jones, 117 La. 910, 42 South. 421.

It is therefore ordered, adjudged, and decreed that the order heretofore made in this case be rescinded, and that this application be dismissed, at the cost of the applicant.