(52 South. 388.)

No. 18,173.

EVANGELINE OIL CO. v. TRAHAN,
Assessor, et al.

In re TRAHAN et al.

(May 9, 1910.)

*(Syllabus by the Court.)*

CERTIORARI (§ 40*)—WRIT OF REVIEW—APPLICATION—TIME OF FILING.

Under article 101 of the Constitution, an application for a writ of review must be filed in the office of the clerk of the Supreme Court within 30 days after the final decision of the Court of Appeal has been noted on the minutes, or after the refusal of an application for a rehearing; and this time cannot be extended by adding to it the time it took to notify the attorneys in interest of the decision of the Court of Appeal.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 58; Dec. Dig. § 40.*]

Action by the Evangeline Oil Company against Albert Trahan, Assessor, and others. On application of defendants for certiorari or writ of review to the Court of Appeal. Application dismissed.

Walter Guion, Atty. Gen., and John J. Robira, Dist. Atty. (Ralph W. Elliott, R. G. Pleasant, of counsel), for applicants. Carlton & Townes and Story & Pugh, for respondent.

BREAUX, C. J. The plaintiffs in the suit, originally respondents, here move to dismiss the application for a writ of review on the ground that it was not timely filed and that it cannot be entertained.

This court has said that under article 101 of the Constitution applications must be filed in the clerk's office of the Supreme Court not later than 30 days after the final decision of the Court of Appeal has been noted on the minutes, or after refusal of application for a rehearing. Rimmer v. Jones Bros., 117 La. 910, 42 South. 421; Landry v. Ramos, 124 La. 599, 50 South. 593; section 2, Act 191, of 1898.

Considering the dates of filing from any point of view, over 30 days had elapsed from the day the rehearing was refused, to wit, the 11th day of February, 1910, to the date the application was filed in this court, to wit, the 15th day of March, 1910.

Notice of defendant's intention to apply for the issuance of a writ of certiorari was accepted on the 14th of February.

The decision was rendered by consent, we infer, after the court at the session at which the case was argued had adjourned. We

note that one of our Brothers of the Court of Appeal, at the time that the refused rehearing was filed, directed the clerk of court to notify the attorneys in interest of the court's refusal to grant a rehearing.

The time required to give this notice to attorneys in interest cannot be considered in calculating the delay within which the application must be filed.

We cannot do otherwise than dismiss the application. The terms of the law are imperative.

The time that elapsed having been called to our attention, it only remains for us to dismiss the application.

For reasons stated, the application of Albert Trahan, assessor, et al., for a writ of certiorari or review, is dismissed at applicants' costs.