(64 South. 793.)

No. 20,505.

P. W. HOLLIDAY & SONS, Limited, v. JOFFRION et al.

In re SCHWING LUMBER & SHINGLE CO., Limited.

(March 16, 1914.)

*(Syllabus by the Court.)*

CERTIORARI (§ 40*) — SUPREME COURT—WRIT OF REVIEW—TIME FOR APPLICATION.

The Constitution declares that this court "shall, in no case," exercise the jurisdiction conferred by article 101 (i. e., to issue a writ for the review of a decision rendered by a Court of Appeal), unless the application therefor shall have been made not later than 30 days after the decision has been rendered and entered; and, though cases of seeming hardship may present themselves, neither that circumstance nor any power in this court can operate to alter or amend the Constitution.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 58; Dec. Dig. § 40.*]

Action by P. W. Holliday & Sons, Limited, against Hunter Joffrion and others. Judgment for plaintiff, and defendant the Schwing Lumber & Shingle Company, Limited, applies for a writ of prohibition. Dismissed.

Jules A. Carville, of Plaquemine, and A. Provosty, of New Roads, for relator. J. H. Pugh, of Plaquemine, for respondent.

Statement of the Case.

MONROE, J. On March 10th, instant, Schwing Lumber & Shingle Company, Lim-
ited, presented a petition to this court, alleging in substance that it is a defendant in the above-entitled suit, and has been condemned by a judgment of the district court of Iberville, which has been affirmed by the Court of Appeal; that it desired to obtain a writ of review from this court, but was unable, notwithstanding the utmost diligence of its attorneys, to ascertain the whereabouts of the record, or of the judgments, on the merits and refusing the rehearing, and hence was unable to obtain the certified copies required to be annexed to its application for said writ; that the delay within which said application should have been made has expired; that plaintiff will issue execution, unless prohibited from so doing; and that it is entitled to relief in the premises. An alternative writ of prohibition was accordingly issued, with a restraining order, and due returns have been made thereto, from which, together with the petition and affidavits annexed, we find the following to be the facts, to wit:

The case was originally heard and decided by the district court for the parish of Iberville; it was appealed to the Court of Appeal, sitting at Donaldsonville, and was there submitted upon an agreement that it might be decided at some other returning place within the circuit; it was accordingly decided, on December 1, 1913, at Baton Rouge, and thereafter, on January 19, 1914, the application for rehearing was denied, at Crowley. Counsel for the applicant, intending to apply to this court for a writ of review, requested the clerk of the district court of Ascension, as ex officio clerk of the Court of Appeal, sitting in that parish, to furnish him with the certified copies of the pleading, etc., required to be attached to such application, but was informed that the record had been lost, and upon two subsequent occasions, at intervals of a few days, received the same information. He then re-

quested a brother lawyer, who was about going to Donaldsonville, to inquire into the matter, and on February 16th the inquiry was made, with the same result (i. e., the brother lawyer was told that the judges had taken the record to Baton Rouge and had not returned it, and that he [the deputy] believed that it was lost). Counsel then on February 26th wrote to the clerk upon the subject, and received an answer, dated February 27th, in which the clerk, through his deputy, wrote that he had been unable to trace the record, and was therefore unable to furnish the desired copies.

In addition to the affidavits of the counsel and the brother lawyer, there is annexed to the application an affidavit by the deputy clerk of the district court of Iberville parish, of date March 2, 1914, in which it is said that the record in question had been returned to that office on February 28, 1914, by plaintiff's attorney, but the affidavit is silent in regard to the judgment, petition for rehearing, and action of the court thereon. Attached to the return herein, however, we find another affidavit, from the same deputy, which also bears date March 2d, and which reads in part as follows, to wit:

"That, while the original record in said case was not returned by the clerk of the district court of Ascension parish and ex officio, clerk of the Court of Appeal, * * * holding sessions at Donaldsonville, * * * the original opinion of the Court of Appeal, dated December 1, 1913, together with the applications for rehearing and judgment refusing a rehearing, dated January 19, 1914, were sent to affiant's office by said clerk * * * about the first part of February, 1914, and that the record * * * was returned * * * on February 28th, by J. H. Pugh, attorney."

There is also an affidavit from the clerk of the Ascension court, of date March 7th, in which he says that, in spite of due diligence, he had not been able, even up to that date, to trace the lost record, and hence was unable to furnish the desired copies. But there is likewise an affidavit from the deputy clerk of the same court, in which he says:

"The order refusing the application for rehearing was filed in said court [referring to the Court of Appeal] on January 21, 1914; that according to the record and docket of said Court of Appeal, up to and including March 1, 1914, there was no notice filed by any of the parties to said suit [referring to the suit here in question] of their intention to apply to the Supreme Court of Louisiana for a writ of review."

### Opinion.

Article 94 of the Constitution confers upon this court supervisory jurisdiction over all inferior courts, and authorizes the court, or any justice thereof, to issue the remedial writs; and it was in the exercise of that jurisdiction that the rule nisi and staying order were issued in this case. But, upon a more deliberate consideration of the matter, we are of opinion that they should not have been issued, since the declared purpose of the petitioner was to enable it to apply to this court for a writ for the review of a judgment which had been rendered by the Court of Appeal, and with respect to which an application for rehearing had been refused more than 40 days before the petition was filed, whereas the article of the Constitution which confers the jurisdiction thus intended to be invoked declares that:

"It shall be competent for the Supreme Court to require, by certiorari or otherwise, any case to be certified from the Courts of Appeal to it for its review and determination, with the same power and authority in the case as if it had been carried directly by appeal to the said court: Provided, that the Supreme Court shall, in no case, exercise the power conferred on it by this article, unless the application be made * * * not later than thirty days after the decision of the Court of Appeal has been rendered and entered."

Now it is true that the clerks appear to have been very much at fault in this matter, but, on the other hand, the applicant has not been altogether without fault. It had before it the above-quoted provision of the Constitution and a provision, to the same ef-

fect, contained in Act No. 191 of 1898. It knew that the case had been argued in Donaldsonville, and decided in Baton Rouge, and that the rehearing had been acted on at Crowley; and we are of opinion that it was incumbent upon it to institute a vigorous and persistent inquiry among the different clerks, and the judges themselves, in which case we imagine that the papers would have been found. At all events, whatever may be the hardship, the Constitution has declared that this court "shall, in no case," issue a writ for the review of a judgment of a Court of Appeal, unless the application therefor be made not later than 30 days after the rendition and entry of the judgment; and we do not feel that we should have jurisdiction to issue such a writ after the expiration of that delay. Rimmer v. Jones Bros., 117 La. 910, 42 South. 421; Simoneaux v. Ramos Lumber & Mfg. Co., 124 La. 602, 50 South. 595; Evangeline Oil Co. v. Trahan, 126 La. 243, 52 South. 388; Sciortino v. Bank of White Castle, 127 La. 215, 53 South. 528; Coignet v. Nelson, 128 La. 421, 54 South. 925.

It is therefore ordered that the restraining order, heretofore made, be rescinded, and that the demand of the applicant herein be now rejected, and this proceeding dismissed at its cost.

PROVOSTY, J., takes no part, being absent on account of illness.