(91 South. 404)

No. 25155.

## MORNING STAR BAPTIST CHURCH OF EAST BATON ROUGE v. MARTINA.

## In re MARTINA.

(March 20, 1922.)

*(Syllabus by Editorial Staff.)*

Certiorari ⚖═40—Time for applying for certiorari to Court of Appeal does not run until notice of judgment given.

Under Const. 1921, art. 7, § 11, relative to the time for applying for a writ of certiorari or review to the Court of Appeal, section 24, relative to notice of judgment of the Courts of Appeal, and Act No. 16 of 1910, relative to the disposition of applications for rehearing at chambers, the time for applying for the writ does not run until notice of the refusal of a rehearing is given counsel of record.

O'Niell, J., dissenting in part.

Action by the Morning Star Baptist Church of East Baton Rouge against Joseph Martina. On application by defendant for certiorari or writ of review to the Court of Appeal. Application denied.

J. F. Odom and H. K. Strickland, both of Baton Rouge, for applicant.

R. G. Beale, of Baton Rouge, for appellee.

By the WHOLE COURT.

THOMPSON, J. The plaintiff has filed a motion to have the defendant's application for writs of certiorari and review to the Court of Appeal denied for the reason that more than 30 days had elapsed since the decree of said Court of Appeal was filed refusing a rehearing, and that the judgment had become final and executory.

The petition was filed March 6, 1922, and it is alleged therein that the application for rehearing was refused on January 31, 1922. The certificate of the clerk of court attached to the petition also shows that fact. No reason for the delay in filing the application is alleged, but there is attached to the record, being the last document of the record, a certificate from the clerk of the Court of Appeal, attesting the fact that the attorney of defendant received notice of the refusal of the rehearing on February 7, as is shown by the "return receipt."

By section 11 of article 7 of the Constitution of 1921, the Supreme Court is denied the right to issue the writ of certiorari or review, unless the application shall have been made to the court or to one of the justices thereof *within 30 days after a rehear-*

ing shall have been refused by the Court of Appeal. It is clear that the application was not timely filed, unless the delay of 30 days only began to run from the date defendant's counsel received notice of the denial of the rehearing.

Section 11, article 7, of the Constitution provides that the judgment of the Court of Appeal shall not become executory until the expiration of 30 days, or, in cases in which application is made for the writ of review, or other writs, until the decision of the Supreme Court upon the application shall have become final.

Section 24, article 7, under the head of "Courts of Appeal," provides that notice of all judgments shall be given to counsel of record, and the court shall provide by rule for the giving of such notices. No delays shall run until such notice shall have been given.

It is provided by Act No. 16 of 1910 that in the recess of the Courts of Appeal they shall have the right to dispose at chambers of applications for rehearing. Construing the several articles of the Constitution quoted and the last act referred to together, our conclusion is that the delay for filing the application only began to run from the time the attorneys of record received the notice of the decree refusing the rehearing, and that the application was filed in time. The decree refusing the rehearing was a judgment within the meaning of the statute which declares notice of all judgments shall be given to counsel of record, and no delays shall run until such notice shall have been given.

We have examined defendant's application and the opinion of the Court of Appeal, and the judgment appears to be correct.

The application for the writs of certiorari or review is therefore denied, at the cost of petitioner.

O'NIELL, J., subscribes to the decree, but dissents from the ruling that the application was filed in time.