McCALEB, Justice.
 

 On February 16th 1948, we refused to consider the petition of ápplicant, Joseph Trimble, for certiorari or writ of review to the Court of Appeal for the First Circuit, 32 So.2d 479, on the ground that the application was not timely filed — that is, within thirty days after his petition for rehearing had been refused by the Court of Appeal,
 
 [1]
 
 as prescribed by Section 11 of Article 7 of the Constitution.
 

 Thereafter, on February 24th, 1948, applicant requested that we reconsider our refusal to consider his application for the reason that his attorney did not receive official notice from the Court of Appeal of the refusal of a rehearing until January 3rd, 1948 and that, therefore, the application for the writ to this court was in due time as the thirty day delay prescribed by Section 11 of Article 7 of the Constitution did not begin to run until after the date of service upon his attorney of the notice from the Court of Appeal that a rehearing had been denied, as provided by Section 24 of Article 7 of the Constitution.
 

 Taking cognizance of our decision in the case of Morning Star Baptist Church v. Martina, 150 La. 951, 91 So. 404, which sustains the contention of applicant, we issued a rule for the respondent, Employers Mutual Casualty Company, to show cause why the application for the writ should not be considered. Respondent appeared on the return day and filed a brief in opposition to the rule and the matter has been submitted for our decision.
 

 The sole question is whether the delay accorded to applicants for writs of certiorari to the Courts of Appeal by Section 11 of Article 7 of the Constitution begins to run on the day after a rehearing has been refused by the Court of Appeal or from the day applicant or his counsel of record receives notice from the Court of Appeal that the petition for rehearing has been denied.
 

 Section 11 of Article 7 of the Constitution declares that it shall be competent for
 
 *647
 
 this courteto require, by writ of certiorari, any case to be certified from the Courts of Appeal for review “ * * * provided, however, that the Supreme Court shall in no case exercise the power conferred by this Article unless the application shall have been made to the court or to one of the justices ther'eof within thirty days after a rehearing shall have been refused by the Court of Appeal; * *
 

 This proviso is positive and explicit; it enjoins this court from entertaining applications for writs of certiorari to the Courts of Appeal unless they are filed within the time prescribed.
 
 [2]
 

 Other than the case of Morning Star Baptist church v. Martina, supra, it has been uniformly held in a long line of cases that the delay for taking writs to the Courts of Appeal commences to run from the date on which final action is taken by the Court of Appeal and not from the date on which the applicant or his counsel is notified of such action.
 

 Article 101 of the Constitution of 1898 and the corresponding article of the Constitution of 1913 denied to this court the right to issue a writ of certiorari or review to the Courts of Appeal “unless the application be made * * * not later than thirty days after the decision of the Court of Appeal has been rendered and entered.”
 

 In Evangeline Oil Co. v. Trahan, 1910, 126 La. 243, 52 So. 388, the court cited with approval the cases of Rimmer v. Jones Bros., 117 La. 910, 42 So. 421 and Landry v. Ramos, 124 La. 599, 50 So. 593, wherein it had been held that the delay provided in Article 101 of the Constitution of 1898 began to ru'n after the final decision of the Court of Appeal had been noted on the minutes or after refusal of an application for a rehearing, and declared that the time elapsing between the date the rehearing was refused and the date upon which the attorneys for the applicant were given notice of such refusal “cannot be considered in calculating the delay within which the application must be filed.”
 

 Again, in P. W. Holliday & Sons v. Joffrion, 1914, 134 La. 843, 64 So. 793, 795, the court, in considering the jurisdiction conferred upon it to issue writs of review to the Courts of Appeal and in disposing of the plea of applicant’s attorney that his failure to file the application timely was chargeable to the neglect of the clerk of the Court of Appeal to give him notice, observed:
 

 “At all events, whatever may be the hardship, the Constitution has declared that
 
 *649
 
 this court ‘shall, in no case,’ issue a writ for the review of a judgment of a Court of Appeal, unless the application therefor he made not later than 30 days after the rendition and entry of the judgment; and we do not feel that we should have jurisdiction to issue such a writ after the expiration of that delay.”
 

 To the same effect is W. J. Martinez & Bros. v. Murray, 149 La. 982, 90 So. 366, where it was held that, under Section 11 of Article 7 of the Constitution of 1921, the court could not entertain an application for a writ of certiorari or review to the Court of Appeal unless the application is made within thirty days after the refusal of a rehearing by the Court of Appeal.
 

 The Martinez case was decided on January 2nd, 1922. However, less than three months thereafter, on March 20th, 1922, the court, in Morning Star Baptist Church v. Martina, supra, came to an absolutely diametrical conclusion (without citation of the jurisprudence) and held that, because Section 24 of Article 7 of the Constitution, which applies to the Courts of Appeal, provided that notice of all judgments shall be given to counsel of record and that no delays shall run until such notice shall have been given, the thirty days delay for applying for writs begins to run from the date applicant’s counsel received notice .of the denial of a rehearing and not from the day following the denial of a rehearing by the Court of Appeal, as provided by Section 11 of Article 7. The rationale of the decision is that Section 24 of Article 7 is to be read in connection with Section 11 and that, by so doing, the former must be considered as modifying the latter.
 

 Our opinion is that the reasoning of the court in the Morning Star case is not sound. The provisions of Section 11 of Article 7 are perfectly clear and there is no reason to suppose that the framers of. the Constitution intended that it should be modified by Section 24 which has application only to the time and manner in which judgments of the Courts of Appeal shall become final. We therefore cannot adhere to that decision and specifically overrule it.
 

 The rule heretofore issued is discharged at the cost of applicant.
 

 [1]
 

 A rehearing was refused by the Court of Appeal on December 30th, 1947 and the application for the writ was filed on January 30th, 1948.
 

 [2]
 

 It has been held, however, that the provision is without application to cases in which the applicant is without right to apply for a rehearing from a final judgment of the Court of Appeal. In such an instance, the application must be filed within 30 days from the date of the adverse decree. See Luckett & Hunter v. Texas & P. R. Co., 161 La. 175, 108 So. 405.