PONDER, Justice.
We issued an order on January 14, 1952, on application of the defendants, granting certiorari for review to the Court of Appeal for the Second Circuit in the case of Heirs of P. L. Jacobs, Inc., v. Johnson, La.App., 54 So.2d 847. Counsel for the plaintiff, Heirs of P. L. Jacobs, Inc., have now moved to rescind the order on the ground that the application for certiorari was not timely filed.
Counsel for the plaintiff contends that this court is without jurisdiction to entertain the application for the reason that it was not filed within thirty days after a rehearing had been refused by the Court of Appeal, citing Section 11 of Article 7 of the Constitution and Trimble v. Employers Mut. Casualty Co., 213 La. 644, 35 So.2d 416, 417. Counsel has directed our attention to the fact that the application was filed in this court on January 2, 1952, more than thirty days after the rehearing had been refused by the Court of Appeal on November 30, 1951.
Under the provisions of Section 11 of Article 7 of the Constitution, this court cannot grant certiorari under its supervisory powers, unless the application shall have been made to this court, or one of the justices thereof, within thirty days after a rehearing shall have been refused by the Court of Appeal. The proviso in Section 11 of Article 7 of the Constitution that the application for certiorari must be made within thirty days to this court or one of its justices is mandatory. We pointed out in the Trimble case that “This proviso is positive and explicit; it enjoins this court from entertaining applications for writs of certiorari to the Courts of Appeal unless they are filed within the time prescribed.”
Counsel for the defendants takes the position that the thirty-day period, within which the application can be made, begins to run from the date the applicant or his counsel receives notice from the Court of Appeal that a rehearing has been denied. He relies on the holding in the case of Morning Star Baptist Church of East Baton Rouge v. Martina, 150 La. 951, 91 So. 404. The holding in this respect was specifically overruled in the Trimble case, wherein it was stated that the reasoning of the court in the Morning Star case was not sound and that we would not adhere to that decision.
*478 Counsel for the defendants are under the impression that the mailing, by-registered mail or special delivery, is sufficient to comply with .the provisions of the constitution, heretofore referred to. As heretofore pointed out, the constitutional provision is clear and explicit. The application must be filed in this court, or presented to one of the justices, within thirty days after the rehearing has been refused. Our docket reveals that the clerk’s office was open on December 31st, 1951 the 30th being Sunday, and that many instruments were filed on that day. It is incumbent upon the applicant to see that his application is filed in this court or presented to one of the justices within thirty days under the plain provisions of our constitution.
Counsel for the defendants takes the position that the thirty-day period, within which the application can be filed, does not commence to run until the judgment denying the rehearing has been entered on the docket of the Court of Appeal. He relies on the holdings in the cases of Sciortino v. Bank of White Castle, 127 La. 215, 53 So. 528 and P. W. Holliday & Sons v. Joffrion, 134 La. 843, 64 So. 793.
We find nothing in the record to indicate that the rehearing was entered on a date other than November 30th. The defendants alleged in the application that the rehearing was refused on November 30th, which was verified by their counsel. The exhibits attached to the motion to rescind the order show that the rehearing was entered on that date. Under the rules of this court, the application for certiorari must contain a declaration that a rehearing was applied for and refused and showing the date of the refusal. Section 5, Rule 13 of this court. The defendants complied with this rule and made the declaration that the rehearing was refused on November 30th, which we cannot disregard and speculate .that it might have been docketed on a different day. In fact, the defendants do not state that the refusal for a rehearing was filed and docketed on a different date.
The Sciortino case and the Holliday case were handed down prior to the adoption of the Constitution of 1921. Under the provisions of Article 101 of the Constitution of 1898 and Article 101 of the Constitution of 1913, the application for certiorari was required to be made to this court or one of its justices not later than thirty days after the decision of the Court of Appeal had -been rendered and entered. Under the provisions of our present constitution, the application must be made within thirty days after a rehearing shall have been refused by the Court of Appeal. Section 11, Article 7 of the Constitution of 1921. As will be seen, the provisions in the prior constitutions contain no reference to the refusal of a rehearing. Under our present constitution, a rehearing must be applied for and refused before we can entertain an application for certio *480 rari. But, be that as it may, there is nothing in this record to show that the refusal of the rehearing was entered and docketed on a different day than alleged in the application for certiorari or as shown by the exhibits attached to the motion to rescind the order.
For the reasons assigned, the order of January 14, 1952 is set aside and the application for certiorari is denied at the cost of the defendants.