94 So.2d 659

Jessie M. MATTHEWS

v.

NATIONAL LIFE AND ACCIDENT
INSURANCE COMPANY.

No. 43146.

April 1, 1957.

·Ferdinand A. Cashio, Shreveport, for re-
lator.

Wilkinson, Lewis, Wilkinson & Madison,
Shreveport, for defendant-appellee.

PONDER, Justice.

After we granted certiorari or review to
the Court of Appeal, Second Circuit, upon
the application of plaintiff, and upon sub-
mission of the case in this Court, the de-
fendant filed a motion to rescind the order
on the ground that the application for cer-
tiorari was not timely filed.

In the motion to rescind, it is set out that
the record affirmatively shows that the
Court of Appeal refused to grant a rehear-
ing on July 11, 1956 and the application for
certiorari was filed in this Court on August
13, 1956, more than thirty days after the
date of the denial of a rehearing.

Under the provisions of Section 11 of
Article 7 of the Constitution, LSA, this
Court is without jurisdiction to entertain
an application filed more than thirty days
after a rehearing has been refused by the
Court of Appeal. Trimble v. Employers
Mut. Casualty Co., 213 La. 644, 35 So.2d
416; Landry v. Ramos Lumber and Manu-
facturing Company, 124 La. 599, 50 So. 593.

In the case of Heirs of P. L. Jacobs, Inc.,
v. Johnson, 221 La. 473, 59 So.2d 691, this
Court, under identical circumstances, said:
"Under the provisions of Section 11 of
Article 7 of the Constitution, this court can-
not grant certiorari under its supervisory·

powers, unless the application shall have been made to this court, or one of the justices thereof, within thirty days after a rehearing shall have been refused by the Court of Appeal. The proviso in Section 11 of Article 7 of the Constitution that the application for certiorari must be made within thirty days to this court or one of its justices is mandatory. We pointed out in the Trimble case that 'This proviso is positive and explicit; it enjoins this court from entertaining applications for writs of certiorari to the Courts of Appeal unless they are filed within the time prescribed.' "

For the reasons assigned, the order of November 5, 1956 is set aside and the application for certiorari is denied at the cost of plaintiff, Jessie M. Matthews.