259 So.2d 29

**Homer BAILES and his wife, Mary Margaret Bailes**

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al.**

**No. 51857.**

Feb. 21, 1972.

Rehearing Denied March 27, 1972.

Gahagan & Kelly, Donald G. Kelly, Natchitoches, for plaintiffs-applicants.

Lunn, Irion, Switzer, Johnson & Salley, James B. Gardner, Shreveport, for defendants-respondents.

SUMMERS, Justice.

This record affirmatively shows that applicant applied for a rehearing in the Court of Appeal and the rehearing was denied on September 23, 1971. The application for certiorari was filed here on October 26, 1971, a Tuesday, more than thirty days after refusal of the rehearing.

The 24th of October 1971, the thirtieth day after refusal of a rehearing in the Court of Appeal, was a Sunday. This applicant therefore had through the following day, October 25, to file an application for certiorari in this court.

The Clerk's Office of this Court was open on October 25, 1971. There was therefore no impediment to the filing on that day. Applicant had mailed the application for certiorari from Shreveport on October 21, 1971, and, presumably, in the ordinary course of events the application should have been delivered; however, it was not delivered because the post office was closed and no deliveries were made on that day.

The fourth Monday in October is designated as Veteran's Day and a legal holiday by the Congress of the United States. 5

U.S.C. 6103. October 25, 1971 was the *fourth* Monday in October. Veteran's Day in the State of Louisiana is fixed by the Legislature on November 11 of each year. La.R.S. 1:55. Thus October 25 was not a legal holiday in Louisiana insofar as State business was concerned. Interstate Oil Pipe Line Company v. Friedman, 137 So.2d 700 (La.App.1962).

Article VII, Section 11, of the Constitution provides:

It shall be competent for the Supreme Court to require by writ of certiorari, or otherwise, any case to be certified from the Courts of Appeal to it for review, with the same power and authority in the case as if it had been carried directly by appeal to the said court; . . . provided, however, that the Supreme Court shall in no case exercise the power conferred by this Article unless the application shall have been made to the court or to one of the justices thereof within thirty days after a rehearing shall have been refused by the Court of Appeal
• . . .

A judgment of the Court of Appeal becomes final thirty days after the denial of a rehearing by the Court of Appeal, if no timely application has been made to the Supreme Court for a writ of certiorari. La.Code Civ.P. art. 2167.

On the basis of the facts and authority cited, it is necessary to rescind our order granting certiorari, 259 La. 950, 253 So.2d 791. Matthews v. National Life & Accident Insurance Company, 232 La. 537, 94 So.2d 659 (1957).

For the reasons assigned, the writ of certiorari issued herein is rescinded, recalled and set aside, and this suit is dismissed at plaintiff's cost.

DIXON, J., dissents.

BARHAM, Justice (dissenting).

The majority has recalled the writ granted in this case on the basis that the application for writ of certiorari was not timely filed. Relying upon a harsh, technical rule, it has thus precluded for these litigants the consideration of the important issue of this case when the same issue was considered and decided February 21, 1972, in Graham v. American Casualty Company, 261 La. 85, 259 So.2d 22, and that issue is pending under two other writs of certiorari which we have granted.

Under 5 U.S.C.A. § 6103 as amended in 1968, Veterans Day is declared a legal holiday and is to be celebrated on the fourth Monday in October. Under the law of Louisiana, November 11 is declared to be the legal holiday for the celebration of Veterans Day. R.S. 1:55. Because of the disparity in the federal and state celebrations of this holiday, October 25, 1971, was a federal holiday observed by the United States Postal Service, but not observed by

the clerk of court for the Louisiana Supreme Court. Thus, on that day our clerk's office was open, but no mail deliveries were made. The writ application in the instant case did not reach the hands of the clerk of court until October 26. Our clerk's office ascertained that the application, sent by registered mail, had been received by the proper branch post office on October 23. Unfortunately, the 23rd was a Saturday, and while mail is delivered on that day, the clerk's office is closed on Saturdays with no one in attendance to sign for registered mail. Equally unfortunate is the fact that if the application had been sent by ordinary mail, it would have been delivered on Saturday, October 23. The last calendar day for filing of this writ actually fell on Sunday, October 24, a legal holiday, but by an unwritten rule and equitable principle we, the Supreme Court, permit the filing of a writ in such circumstances on the day following a legal holiday.

Out of this factual situation a majority of this court has concluded that the relator has no right to have this case considered, citing as support the general law which grants 30 days for the filing of writ applications after the refusal of a rehearing. La.Const. Art. VII, Sec. 11; Art. 2167, C.C.P., and the case of Interstate Oil Pipe Line Company v. Friedman, 137 So.2d 700 (3rd Cir. 1962). It is somewhat ironic that the result in the Interstate Oil case would now be different under the 1963 revision of the Uniform Rules for the Courts of Appeal. In order to eliminate such harsh results as found in that case and other similar instances, in rehearing applications to the Courts of Appeal the date of filing is now considered to be the date of the postmark on the envelope transmitting the application, and not the date of actual receipt. Thus, whether a federal holiday was to be observed by the Courts of Appeal became irrelevant.

Unfortunately, our court has not adopted a similar rule with regard to the mailing of writ applications after rehearing has been denied by a Court of Appeal—that is, a rule that the mailing date and not the actual date of receipt is the date of application. Article VII, Section 11, of the Louisiana Constitution and R.S. 13:4450 are the provisions of law which regulate the time granted for the filing of a writ application from a Court of Appeal judgment. Both laws state only that the application must be made within 30 days after a rehearing is refused. No further details are pronounced, and none are given in the Supreme Court rules.[1]

---

1. Rule XII, Section 2, does, however, provide that in applications for writs other than those from a Court of Appeal judgment the delay is to be set by the judge on the case, who has authority to extend time for filing. Also, the applicant is given an opportunity to establish, if he can, that a late filing was not the result of his fault.

While the laws are silent, some modifications have been observed by this court. As to those holidays enumerated in R.S. 1:55, this court allows the filing of an application for writs on the next non-holiday when the 30-day delay ends upon a holiday. It is to be observed, then, that we do not treat the 30-day provision as a delay of 30 calendar days. Thus if we are able to extend the deadline for actual receipt of writ applications where the delay period expires on a state holiday, certainly the same authority exists for us to recognize and extend this exception to federal holidays.

R.S. 1:55(C) permits the filing of legal documents on Saturday holidays. Had our door been open on Saturday, October 23, we could have received this application. If this writ had been forwarded by ordinary mail rather than by registered mail, it would have been received and treated by us as having been timely filed by deposit through the mail slot in our office on the legal holiday, Saturday, October 23, although our doors were in fact locked. When the United States Postal Service celebrated October 25 as a legal holiday, that action effectively closed our clerk of court's office for receiving legal filings then deposited in the post office here in New Orleans and ready for delivery to our court. Even if the application in this case was not timely filed, the failure should be imputed not to the applicant but to an unfortunate concatenation of circumstances.

The actual mailing date here was October 21, and the 30-day delay for filing did not expire even under a strict calendar construction until October 25. At a point in time when the use of the mails is the most common and accessible means for transmitting such materials as our writ applications, it is unreasonable to demand from the lawyers residing and practicing distant to and outside the New Orleans area that they deliver these materials by hand or be at the mercy of the circumstances which often delay mail delivery. For lack of the best remedy for this problem, a rule designating the official postmark date as the time of filing, at least this court can and should recognize those federal holidays which close the postal service as extending the time for receiving a postal filing until the following day.

This writ application is in my opinion timely filed under our rules as they now exist.

I have, however, long advocated a change in the harsh unwritten rule of this court that a timely deposit in the postal service cannot be an "application" under Article VII, Section 11. The majority of this court has rejected my argument for change of this rule on two theories. Some argue that this is a case rule set forth in Matthews v. National Life & Accident Insurance Company, 232 La. 537, 94 So.2d 659 (1957), and can only be overturned jurisprudentially. To

them I say: Here is our opportunity. Others argue that "application" has such a connotation as to require constitutional revision, and that we cannot construe deposit in the mails as an "application" under this constitutional provision. I, for one, am of the opinion that this particular constitutional provision, applying only to writs of certiorari after denial of rehearing on appeal, does not require this strict, outdated, and unrealistic interpretation. Applications for writs of certiorari in these cases do not require the consent of this court or of a justice of this court for their filing. Personal application for actual filing with the clerk or justice may be required in other writ applications but has no meaning here. If mail deposit is timely enough for application for rehearing and other procedure in appellate courts which act obligatorily on appeals, certainly it should be sufficient in an application for writ of certiorari after denial of rehearing on appeal where the right of writ review is discretionary.

I am of the strong opinion we should here enunciate a new court rule which can only serve to better render justice. The official United States Postal Service postmark should determine timeliness of these writ applications. For these reasons I respectfully dissent.

TATE, J., concurs.