SUMMERS, Justice
(concurring).
Although I agree with the result reached in this case, I favor abolition of the practice of permitting filings with the Clerk outside the Clerk’s office. Under the present interpretation of our rules it is impracticable to ascertain whether a judgment has become final from the records in the Clerk’s office. At any time the possibility always exists that the Clerk or one of his deputies has filed a pleading which he will deposit in the Clerk's office when he arrives. Dependence upon time in addition to the usual office hours is also encouraged. The present procedure excuses compliance with our rules which are otherwise properly adhered to. The few hours which may be gained are unnecessary to the cause of justice where, as in this case, thirty days from the date of the rehearing were allowed by law to file the questioned application. And finally, the validity of the late application is dependent upon the Clerk’s sense of accommodation and his availability. Nothing about the rules or the practice requires the Clerk to abandon whatever he may be doing after office hours to accommodate a tardy filing.
None of the factors inherent in the practice followed by this Court are a proper basis for resolution of important right. It is not that I favor a harsh application of the rules, but, unless this clear provision of the rule is uniformly applied, under the existing practice there is no ascertainable standard litigants may rely upon. In the Court’s compassion over one litigant’s tardiness, an injustice is done to the party relying upon the rule whose rights may otherwise have vested. Cf. Bailes v. Southern Farm Bureau Casualty Insurance Co. et al., 261 La. 106, 259 So.2d 29 (1972).
In my view justice would be best served by adhering to the rule as written when its meaning is clear and unambiguous.
Referring to court rules in Walker v. Ducros, 18 La.Ann. 703 (1866) our predecessors said:
. These rules become, in effect, laws, which may be modified or repealed by the power from which they emanate, but they ought not to be relaxed or suspended to meet temporary convenience or be accommodated to the ever varying circumstances of time. The evils that would arise from such rules are more and greater than any that would by such lax operation be obviated.