195 So.2d 648 (1967)
Leo MORGAN et al., Plaintiffs and Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellee.
No. 1936.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
Rehearing Denied March 8, 1967.
Writ Refused May 4, 1967.
Edwards & Edwards, by William Broadhurst, Crowley, for plaintiffs-appellants.
McBride & Brewster, by William L. Brewster, Lafayette, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiffs are five persons, or their survivors or legal representatives, who were seriously injured while passengers in an automobile owned by Joseph LeJeune of Florissant, Missouri. The LeJeune vehicle collided with an uninsured automobile owned and being driven by Percy J. Miller, whole negligence admittedly caused the accident. The defendant, State Farm Mutual Automobile Insurance Company, is the liability insurer of the LeJenue vehicle, under a policy which provides "Uninsured Automobile Coverage" of not exceeding $5,000 per person and $10,000 per accident; and "Medical Payments" coverage of not exceeding $500 per person.
It was stipulated that the damages suffered by the five injured parties exceeded $10,000 and that the medical expenses exceeded $500 per person. The defendant insurer has already paid $10,000 and contends this is the limit of its liability because of a policy provision that uninsured automobile coverage ($10,000) shall be reduced by all sums paid under the medical payments *649 coverages of this policy ($500 per person or a total of $2500).
The sole issue on appeal is whether the policy should be construed to award plaintiffs $2,500 under the medical payments coverage, in addition to the $10,000 uninsured automobile coverage.
The policy was issued in Missouri to a Missouri resident and covers a Missouri vehicle. The provisions in question here differ from those in the standard policy issued in Louisiana. Coverage C provides medical payments not exceeding $500 for each person. Coverage U provides uninsured automobile coverage of $5,000 for one person and $10,000 for two or more persons. However, uninsured automobile coverage is further limited by the provisions of paragraph 13(c) which reads as follows:
"(c) Any loss payable under the terms of this coverage to or for any person shall be reduced by:
"(1) the amount paid and the present value of all amounts payable to him under any workmen's compensation law, exclusive of non-occupational disability benefits; and
"(2) all sums paid on account of such bodily injury under coverages C and M of this policy."
Construing these provisions the trial judge said:
"It is rather clear to the Court that any amounts paid under the medical coverage provisions of this policy must be deducted or reduced from the maximum payment due by the company under the uninsured motorist coverage."
We agree with the trial judge that these policy provisions are clear and free of ambiguity and must be construed as written. Paul Foshee Dusting Company v. Byron, 158 So.2d 345 (La.App. 3rd Cir. 1963); Monteleone v. American Employers Insurance Company, 239 La. 773, 120 So.2d 70. Of particular applicability here is the rule expressed in Hardee v. Southern Farm Bureau Casualty Insurance Company, 127 So.2d 220 (La.App. 1st Cir. 1961), as follows:
"In case of ambiguity, the policy provisions are construed most favorably to the insured and against the insurer, and of the permissible constructions that will be adopted which effectuates the insurance over that which defeats it. Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9; Knight v. L. H. Bossier, Inc., La.App. 1 Cir., 118 So.2d 700. On the other hand, in the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, and in such event unambiguous provisions limiting liability must be given effect. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L. R. 1075; Kennedy v. Audubon Ins. Co., La.App. 1 Cir., 82 So.2d 91."
Plaintiffs contend the policy is ambiguous and must therefore be construed against the insurer. Their position is that the Medical Payments Clause, Coverage C, and the Uninsured Automobile Coverage, Coverage U, are separate and distinct coverage, for which separate premiums are charged, and can therefore be construed without any relation whatever, one to the other. Plaintiff cites LeJeune v. State Farm Mutual Automobile Insurance Company, 107 So.2d 509 (La.App. 1st Cir. 1958). That case is readily distinguishable from the present matter. First of all, the decision does not show that the policy provisions being construed there were the same as those of the Missouri policy with which we are concerned. Furthermore, the LeJeune case involved two different insurers under different policies and the court held, under the policy provisions being construed, that the $2,000 medical payments due under the one policy was not credited against the $10,000 liability coverage under the other policy. We fail to see how the LeJeune case can be of any assistance to the plaintiffs here.
*650 Plaintiffs also argue that the general purpose of such limitations on coverage, as the one with which we are concerned, is to prevent duplication of payment; but that here there is no duplication of payment, because the total of the damages sustained and the medical expense incurred, far exceeded the sum of $12,500 which plaintiffs seek under the policy. Our answer to this argument is simply that the question here is the construction of the language of this particular policy. The insurer has a right to limit its liability in any way it chooses; and these limitations will be enforced so long as they are not ambiguous, or contrary to statute or public policy.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.