219 So.2d 206 (1969)
Phillip W. CONNELLEY
v.
SOUTHERN FARM BUREAU CASUALTY COMPANY et al.
No. 7529.
Court of Appeal of Louisiana, First Circuit.
January 27, 1969.
Rehearing Denied March 10, 1969.
*207 Robert J. Vandaworker, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for Southern Farm Bureau Casualty Co.
Pittman & Matheny, Hammond, for Aetna Casualty & Surety Co.
Before LOTTINGER, ELLIS, and BAILES, JJ.
ELLIS, Judge.
This suit arises out of an automobile accident in which plaintiff was injured while riding as a guest passenger in the automobile insured by defendant Southern Farm Bureau Casualty Company. The other vehicle, operated by Napoleon Collins, also a defendant, was stipulated to be uninsured. Collins never appeared in the case, and judgment was rendered against him by default.
At the trial, Southern Farm stipulated that Collins was at fault in the accident, and that its policy includes protection against uninsured motorists with limit of liability of $5000.00.
Judgment was rendered against Collins and Southern Farm in the total sum of $7500.00, but Southern Farm's liability was limited to $5000.00 thereunder. The judgment further held that Southern Farm was not to receive credit against that amount for medical payments made on behalf of plaintiff under another feature of the policy.
The award of $7500.00 apparently included $650.00 which was stipulated to be the amount of wages lost by plaintiff, and $744.05 in medical expenses. It was stipulated that Southern Farm had paid the said medical expenses under the medical payments feature of its policy.
From that judgment, Southern Farm has appealed, complaining about both the quantum awarded and the refusal of the court to give credit for the medical payments. Plaintiff has not appealed, answered the appeal, nor filed a brief in this court. Collins has not appealed, so the judgment is final as to him.
In the accident, plaintiff hit his head and suffered some superficial lacerations. He was found to have suffered a cerebral contusion, as a result of which he was disoriented and confused and responded sluggishly. He was admitted to the hospital on the day of the accident, July 4, 1965, and improved steadily. On his discharge on July 8, his mental status had cleared, but he had a residual diplopia, or double vision. He also suffered from headaches.
*208 After his discharge from the hospital, he was examined by a neurosurgeon, who confirmed the above findings. By September 14, 1965, plaintiff was no longer complaining of headaches, and had diplopia only when tired. By December 14, 1965, plaintiff no longer had any complaints, and was working. During the entire period, no treatment was administered, the doctor being of the opinion that the condition was self limiting.
Plaintiff testified at the trial in June, 1967, that he still suffered occasional headaches and sometimes had trouble focusing his eyes on awakening in the morning.
Apparently, the trial court awarded $6,105.95 to the plaintiff for his pain and suffering, this being the difference between the total award and the special damages itemized above. In the light of all the circumstances outlined above, we are of the opinion that the award is excessive. We find that an award of $2,500.00 is more in line with the authorities. Plaintiff is entitled to recover his lost wages, $650.00, in addition thereto.
Defendant claims that there should be no award made for medical expenses paid by it and that it is entitled to a credit on the judgment appealed from to that extent. It bases the claim on the following language, found in the uninsured motorists protection section of the policy:
"(d) The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II."
Clearly, there can be no recovery under the uninsured motorist part of the policy for medical expenses which, as in this case, are payable or paid under the medical payments feature of the policy. To whatever extent the judgment appealed from included that above amount, it is erroneous.
The judgment appealed from is therefore amended, as to Southern Farm Bureau Casualty Company, by reducing the amount thereof to $3,150.00, and, as amended, it is affirmed at plaintiff's cost.
Amended and affirmed.