409 So.2d 290 (1981)
Arnold D. WHITE, Jr., et al.
v.
Mikell I. PATTERSON, et al.
No. 14411.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Rehearing Denied February 16, 1982.
Writ Denied April 15, 1982.
*291 Walton J. Barnes, Baton Rouge, for plaintiffs-appellants Arnold D. White, Jr. and Mary Ann White.
Richard T. Reed, Baton Rouge, for defendants-appellees Mikell T. Patterson and Dairyland Ins. Co.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
This suit was brought by plaintiffs, Arnold D. White, Jr. and his wife, Mary Ann White, in order to recover damages sustained by them as a result of an automobile accident. In their original petition, plaintiffs sued Mikell I. Patterson, the driver of the automobile which struck their automobile, and Dairyland Insurance Company as Patterson's liability insurer. Thereafter, plaintiffs filed an amending and supplemental petition, which named as a defendant Dairyland Insurance Company as Mrs.
*292 White's uninsured motorist insurer.[1] Prior to trial, plaintiffs settled their claim against both Patterson and Dairyland, as Patterson's liability insurer for the liability policy limits in the amount of $5,000.00. This suit was then tried by jury against Dairyland as plaintiff's uninsured motorist carrier. The jury determined that only plaintiff Arnold D. White, Jr. should recover against Dairyland and that the total amount of plaintiff's damage was $8,000.00.[2] A final judgment was signed in favor of plaintiffs and against Dairyland in the amount of $8,000.00, less a credit to Dairyland for the $5,000.00 policy limits, which plaintiff had received in the prior settlement.[3] Plaintiff has appealed from this judgment, alleging that the trial court erred in allowing defendant the $5,000.00 credit and also in failing to render judgment against defendant for plaintiff's medical expenses under the medical payments coverage contained in plaintiffs' automobile insurance policy. We affirm the judgment of the trial court.
Under the present provisions of our uninsured motorist insurance law, where the tortfeasor had liability coverage which was less than the damages suffered by the innocent party, the latter's U.M. coverage becomes "excess" insurance. Whitten v. Empire Fire and Marine Insurance Company, 353 So.2d 1071 (La.App. 2nd Cir., 1977). In Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La.1979), the Supreme Court thoroughly discussed the provisions of LSA-R.S. 22:1406 D. While Neimann, supra, dealt with the U.M. carrier's right to reimbursement under R.S. 22:1406 D(4), the court, citing Whitten, supra, did note that "the 1974 amendment to R.S. 22:1406 D in effect makes U.M. coverage `excess' coverage." In a footnote to Niemann, supra, the court further stated that:
"The U.M. carrier has no obligation to pay that portion of plaintiff's damages within the uninsured tortfeasor's liability policy limits, but only those damages which exceed the policy limits and which are within the U.M. policy limits."
Because uninsured motorist coverage is "excess", plaintiff has a right to receive from defendant only that portion of his damages which exceed the limits of the tortfeasor's liability insurance. Thus, while the trial court used the word "credit", its judgment did nothing more than determine the amount by which plaintiff's total damages exceeded the tortfeasor's liability insurance limits. In this case, plaintiff's total damages were determined to be $8,000.00. The tortfeasor's liability insurance limits for one person were $5,000.00 and, thus, plaintiff is only entitled to receive from defendant $3,000.00, the amount by which his total damages exceed the tortfeasor's liability limits.[4]
Plaintiff next claims that the trial court erred in not awarding him his medical expenses, in the amount of $842.25, under his medical payments coverage. Plaintiff argues that these medical expenses were "above and beyond the general damages" awarded by the jury, or, alternatively, he has a right to receive payment for these expenses under both his U.M. coverage and *293 the medical payments coverage. We do not agree.
Plaintiff introduced and circulated among the jurors for their consideration evidence of his medical expenses. Later the court instructed the jury that the medical expenses were to be taken into consideration in determining plaintiff's total damages. The record clearly indicates that the jury included these medical expenses in its estimate of plaintiff's total damages.
In support of his claim for a double recovery of these medical expenses, plaintiff cites and relies upon our decision in Bunch v. Frezier, 239 So.2d 680, (La.App. 1st Cir., 1970).
As we noted in Bunch, supra, it is elementary that each insurance contract must be determined in the light of its own particular terms and provisions. The language contained in the policy at issue in Bunch, supra, stated that "the amount paid by virtue of the uninsured motorist clause shall be reduced by all sums paid on account of bodily injury by or on behalf of the owner or operator of the uninsured vehicle." We therefore found that the payment by defendant under the medical payments clause was not a payment made within the above quoted language and that payments made under the U.M. coverage could not be reduced by the amount paid under the medical payments clause.
The provisions of the U.M. coverage at issue here, and under which plaintiff was insured, state as follows:
"(D) The company shall not be obligated to pay under this insurance that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured highway vehicle which represents expenses for medical services paid or payable under the medical payments coverage of this policy."
The policy provision at issue in Bunch, supra, is very different than that at issue here, and it is this difference in policy language which dictates an outcome different than our decision in Bunch.
This distinction was, in fact, recognized by us in Bunch at Page 684, where we stated:
"We are cognizant of Morgan v. State Farm Mutual Automobile Insurance Company, La.App., 195 So.2d 648, and Connelley v. Southern Farm Bureau Casualty Co., La.App., 219 So.2d 206, wherein payments under medical pay clauses were held deductible from payments due pursuant to an uninsured motorist clause. Examination of the cited authorities discloses that they contained language different from that employed in the policy issued by appellant herein."
The language contained in the policies at issue in Morgan and Connelley is similar to the provisions of the insurance contract at issue here, and dissimilar from those contained in Bunch.
In Taylor v. State Farm Mutual Automobile Insurance Co., 237 So.2d 690 (La.App. 4th Cir., 1970), relied upon by defendant, the court considered a policy provision nearly identical to that at issue here. In Taylor, the trial court had allowed the U.M. carrier a credit for the amount it had paid under the medical payments coverage, basing this credit on the language of the policy. In reversing the trial court and disallowing the credit given to the U.M. carrier, the court of appeal stated that:
"That is not our interpretation of the amendment but rather we consider it to be designed only to protect the insurance company from double exposure for medical payments. Thus it prevents an insured whose medical expenses have been paid under the medical payments coverage from collecting for those medical expenses once again, in the event that a judgment for general damages in his favor and against the insurance company under its uninsured motorist coverage falls below the policy limits of that coverage. However, in a case such as Mr. Taylor's where the award for general damages exceeds the policy limits on uninsured motorist coverage, the insurance company must pay its insured the full *294 limits of the policy ... regardless of what it has paid him under the medical payments coverage."
In Wilkinson v. Fireman's Fund Insurance Co., 298 So.2d 915 (La.App. 3rd Cir., 1974), the court considered a similar situation. As in Taylor, supra, plaintiff's damages exceeded the U.M. limits and the court therefore refused to allow the U.M. carrier a credit for the amount paid under the medical payments coverage.
We choose to follow the rule in Taylor and Wilkinson, and therefore find that, where plaintiff's total damages do not exceed the U.M. policy limits, and the language of the policy allows such, as it does here, the U.M. carrier is entitled to a credit for any amount which it has paid plaintiff under the medical payments coverage, or, in the event that no payment has been made under the medical payments coverage, the U.M. carrier is not obligated to make a separate payment under this coverage where these damages are included in the award made under the U.M. coverage.
Because plaintiff's total damages did not exceed defendant's U.M. policy limits, which were in the amount of $10,000.00, we find that no payment under the medical payments coverage was due to plaintiff from defendant.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs on appeal are to be paid by plaintiff-appellant, Arnold D. White, Jr.
AFFIRMED.
NOTES
[1] Under the provisions of Mrs. White's insurance policy, Arnold D. White, Jr. was an insured covered under the uninsured motorist coverage.
[2] By agreement of the parties, the jury was never informed of the $5,000.00 settlement payment made by Dairyland to plaintiff, Arnold D. White, Jr. Thus, the jury made a determination of plaintiff's total damages, rather than what amount plaintiff was legally entitled to recover from defendant.
[3] It should be noted that, while in this case plaintiff received in settlement the entire policy limits of the tortfeasor's liability coverage, it is the amount of the policy limits, rather than the actual amount received by plaintiff in settlement, which is relevant in determining what amount, if any, the U.M. carrier is obligated to pay.
[4] The fact that defendant both insured the tortfeasor's liability and provided plaintiff with uninsured motorist coverage is entirely irrelevant to our decision. In a case where the tortfeasor's liability coverage and plaintiff's U.M. coverage were provided by separate and distinct companies, our decision would remain unchanged.