FORET, Judge,
dissenting.
I respectfully disagree with my learned brothers’ opinion that the trial court was not clearly wrong in casting Allstate in judgment for any portion of plaintiff’s damages. The tort-feasor, Ms. Ardoin, was not an underinsured motorist. There is no dispute that she was acting in the course and scope of her employment at the time of the accident and that her employer, Gulf States Utilities, a co-defendant, was self-insured for an amount up to $250,000 limits of liability with excess insurance provided over and above that amount.
“Under the present provisions of our uninsured motorist insurance law, where the tortfeasor had liability coverage which was less than the damages suffered by the innocent party, the latter’s U.M. coverage becomes ‘excess’ insurance. Whitten v. Empire Fire and Marine Insurance Company, 353 So.2d 1071 (La.App. 2nd Cir., 1977).” White v. Patterson, 409 So.2d 290 (La.App. 1 Cir. 1982), writ denied, 412 So.2d 1110 (La.1982).
“The U.M. carrier has no obligation to pay that portion of plaintiff’s damages within the [underinsured] * tortfeasor’s liability policy limits, but only those damages which exceed the policy limits and which are within the U.M. policy limits.” White at page 292.
I am of the opinion that the majority fell into error by attempting to distinguish between an “insured” and a “self-insured” tort-feasor. Insofar as the facts, circumstances, and resolution of this case are concerned, I perceive no difference whatsoever between these two terms. Gulf States Utilities, the employer of the tort-feasor, and who is vicariously liable for the tort committed by its employee, can in no sense of the word be said to be uninsured when there is no dispute that it was self-insured for $250,000. How can it be said that there was no other “insurance” available to the plaintiff, other than his own U.M. insurer, Allstate.
By casting Allstate in judgment before Gulf States, the majority makes Gulf States the excess insurer, rather than Allstate. In my opinion, we should reverse the trial court judgment insofar as it holds Allstate liable, and render judgment in favor of plaintiff, against Brenda Ardoin; her insurer, State Farm; and Gulf States Utilities, jointly, severally, and in solido, for the amount of $31,000; and further, that plaintiff’s claim against Allstate, his U.M. carrier, should be dismissed.

The opinion used the word "uninsured” when the correct term should be “underinsured”, or better yet, neither term needed to be used.