512 So.2d 527 (1987)
Edward WEBB, Jr., Plaintiff-Appellee,
v.
Joseph GOODLEY, et al., Defendants-Appellants.
No. 86-626.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
On Rehearing August 12, 1987.
*528 George R. Privat, Lafayette, for defendant-appellant.
Preston N. Aucoin, Ville Platte, Alfred Ray Ryder, Oberlin, John Hill, Lafayette, for plaintiff-appellee.
Joseph Goodley, in pro. per.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
*529 LABORDE, Judge.
Edward Webb, Jr. filed suit for damages sustained in an automobile accident. Joseph Goodley, as driver, Andrew Hayes, as owner, and Fireman's Fund Insurance Company (Fireman's Fund), as Webb's uninsured/underinsured motorist carrier, were named original defendants. By amending and supplemental petition, plaintiff added General Agents Insurance Company of America, Inc. (General Agents), and Professional Insurance Brokers (Brokers) as liability insurers of defendants Andrew Hayes and Joseph Goodley. Fireman's Fund filed cross-claims against each of the other defendants asserting subrogation to the rights of plaintiff to the extent of the amounts paid to plaintiff by Fireman's Fund.
General Agents and Brokers filed three motions for summary judgment on the grounds that there was no insurance coverage for the accident. The trial court denied each of the motions, the last of which was entered on the morning of the trial. On the last day of trial, General Agents, Brokers, and Mr. Hayes moved for directed verdicts. The motions were granted. The jury found Mr. Goodley solely negligent. The jury returned a verdict in favor of plaintiff in the following amounts: $1,300.00 for physical pain and suffering; $1,700.00 for mental anguish; $1,000.00 for lost wages; and $512.50 for medical expenses. The jury rejected plaintiff's demand for penalties and attorney's fees against Fireman's Fund. The jury awarded Fireman's Fund judgment against Goodley for its subrogated claims in the following amounts: $5,600.00 for collision damages; $2,000.00 for medical expenses; $250.00 for storage expenses; and $4,512.50 for uninsured motorist benefits. A judgment was signed by the trial court, but it was subsequently amended to provide for judgment in favor of Fireman's Fund against Goodley.
Unhappy with the award, plaintiff filed motions for judgment notwithstanding the verdict, for additur, and alternatively, for a new trial. The trial court granted Webb's motion for judgment N.O.V., increasing the award for physical pain and suffering to $4,500.00; increasing the amount for medical expenses to $2,512.50; and awarding the statutory penalty and attorney's fees in the sum of $5,000.00 against Fireman's Fund.
On suspensive appeal, Fireman's Fund protests the interference of the trial court in granting the judgment N.O.V. and increasing the award. In response, plaintiff has answered the appeal demanding an increase in the general damages award and an increase in attorney's fees.

I. FACTS
The accident occurred at dusk on December 2, 1984. Joseph Goodley was driving Andrew Hayes' pickup truck North on La. Highway 13 in Evangeline Parish. Goodley crossed the centerline and headed for the pickup truck driven by plaintiff, Edward Webb, Jr. Webb veered to the shoulder, but could not avoid the collision. As a result of the accident, plaintiff sustained several injuries including a strained neck, a bruise to his chest, and multiple abrasions and lacerations to the legs and feet.

II. JUDGMENT NOTWITHSTANDING THE VERDICT
The trial court granted the judgment non obstante veredicto without written reasons. The trial court increased the damages awarded to plaintiff and found defendants liable for penalties and attorney's fees. Thus the judgment N.O.V. was granted on the issues of both damages and liability as is provided for in La.C.C.P. art. 1811 F.[1]
When there is a jury, it is the trier of fact. La.C.C.P. art. 1736;[2]Scott v. Hospital *530 Service District Number 1 of the Parish of St. Charles, 496 So.2d 270 (La.1986).
La.C.C.P. art. 1811 does not specify the grounds on which the trial judge may set aside a jury verdict, but the jurisprudential criterion is well settled. A judgment N.O.V. may only be granted when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue.[3]Alumbaugh v. Montgomery Ward & Company, Inc., 492 So.2d 545 (La.App. 3d Cir.), writ denied, 495 So.2d 304 (La.1986); Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App. 3d Cir.), writ denied, 437 So.2d 1149 (La.1983). Further, the trial court may not weigh the evidence, pass on the credibility of the witnesses, or substitute its reasonable inferences of the facts for those of the jury. Id. at 1166. As a reviewing court, we must determine whether the trial judge's conclusions as to damages and liability for penalties and attorney's fees were manifestly erroneous. Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.), writ denied, 476 So.2d 353 (La. 1985).

A. Quantum
Reasonable persons could certainly differ on the amount of damages suffered by plaintiff. The trier of fact, here the jury, is given much discretion in fixing the measure of damages. La.C.C. art. 1999. The jury fixed plaintiff's award for physical pain and suffering at $1,300.00; while the trial court increased that award to $4,500.00. In our opinion, the evidence does not point so strongly and overwhelmingly in favor of plaintiff that reasonable men could not reach different conclusions.
The evidence indicates that plaintiff was hospitalized after his accident. Plaintiff complained of generalized injuries including abrasions, lacerations, and bruises; he specifically complained of pains in his chest, his right great toe, and his neck. Several tests were conducted, none of which indicated serious injury. The tests seem to have been run out of an abundance of caution. For instance, the doctors noticed a bruise on plaintiff's chest. Hospital tests were run to determine if internal injury was sustained. The tests were negative. As far as plaintiff's toe is concerned, three viable reasons for the pain are evidenced in the record: (1) pre-existing arthritis; (2) gout; and (3) trauma caused by the collision. The jury could have reasonably accepted any or a combination of the three competing diagnoses. Finally, tests were run on plaintiff's neck to determine cervical injury. Apart from one doctor finding muscular spasm, no objective evidence of injury was found. On the other hand, plaintiff presented himself as suffering wretchedly as a result of the accident. The jury chose not to believe plaintiff.
The record supports the jury's finding on quantum; it did not abuse its much discretion in making the award. The jury's award of $1,300.00 must stand as reasonable persons could have evaluated plaintiff's injuries differently. Scott, 496 So.2d at 275. The trial court clearly erred in granting the judgment N.O.V. on damages.

B. Medical Benefits
Plaintiff proved that $2,512.50 in medical bills were incurred in connection *531 with the accident. Fireman's Fund proved that it paid plaintiff $2,000.00 in medical expense benefits. The jury awarded plaintiff the difference, i.e., $512.50 for medical expenses. The trial court granted plaintiff a judgment N.O.V. on the issue and increased the award for medical expenses to $2,512.50. The trial court's action was clearly wrong.
It is a well settled rule that where plaintiff's total damages do not exceed the UM policy limits, and the language of the policy allows, as it does here, the UM carrier is entitled to a credit for any amount which it has paid plaintiff under the medical payments coverage. White v. Patterson, 409 So.2d 290, 294 (La.App. 1st Cir.1981), writ denied, 412 So.2d 1110 (La.1982); Taylor v. State Farm Mutual Automobile Insurance Company, 237 So.2d 690, 693 (La. App. 4th Cir.1970). In Taylor, Judge Domengeaux explained that the UM Carrier could protect itself from double exposure for medical expenses by including a provision in the policy limiting double liability: "Thus it [the provision] prevents an insured whose medical expenses have been paid under the Medical Payments Coverage from collecting for those medical expenses once again, in the event that a judgment for general damages in his favor and against the insurance company under its Uninsured Motorist Coverage falls below the policy limits of the coverage." Id. at 693. Cf. Roberie v. State Farm Mutual Automobile Ins. Co., 291 So.2d 923 (La. App. 3d Cir.), writ denied, 294 So.2d 830 (La.1974) (where plaintiff's damages exceeded the UM limits).
In this case, the UM policy provided that "any amounts otherwise payable for expenses under this coverage [medical payments coverage] shall be reduced by any amounts paid or payable for the same expenses under part A [liability coverage] or part C [UM coverage]." Plaintiff's damages did not exceed the UM limits of $10,000.00. Under the above cited jurisprudence, it was clear error for the trial court to increase the medical expenses award by $2,000.00. The jury award of $512.50 must be reinstated.

C. Liability For Penalties and Attorney's Fees
The jury refused to award plaintiff penalties and attorney's fees. The trial court entered a judgment N.O.V. finding Fireman's Fund liable for penalties of 12% and attorney's fees of $5,000.00 under LSA-R.S. 22:658."[4]
The party demanding penalties and attorney's fees under LSA-R.S. 22:658 has the burden of pursuading the trier of fact that the insurer failed to pay the claim within sixty (60) days after receiving "satisfactory proof of loss" of the claim, and that the failure to pay was arbitrary, capricious, or without probable cause.[5]McDill v. Utica *532 Mutual Insurance Company, 475 So.2d 1085 (La.1985); Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983).
The insurer must be fully apprised of the insured's claim before the insurer is deemed to have satisfactory proof of loss. As our Supreme Court in McDill, 475 So.2d at 1089, stated:
"To establish a `satisfactory proof of loss' of an uninsured/underinsured motorist's claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages."
See LSA-R.S. 22:1406(D)(1)(a); Hart v. Allstate Ins. Co., 437 So.2d at 828.
We find that the jury correctly rejected plaintiff's demand for attorney's fees and penalties. Plaintiff failed to provide Fireman's Fund with satisfactory proof of loss; specifically, Webb failed to establish that the owner (Hayes) or operator (Goodley) of the other vehicle involved in the accident was uninsured or underinsured. To the contrary, plaintiff attempted to demonstrate that the other vehicle was insured by entering a copy of a policy/binder purporting to have been issued to Hayes for automobile liability insurance. Evidence of Hayes's premium payments were also entered. The insurance status of the other vehicle was not established until the trial court directed the verdict in favor of Brokers and General Agents, the putative liability insurers of the other vehicle.
Assuming, arguendo, that satisfactory proof of loss existed, plaintiff utterly failed to prove that Fireman's Fund's failure to pay was arbitrary, capricious or without probable cause. Through trial, plaintiff vigorously prosecuted his claim that the other vehicle was insured. On appeal, plaintiff takes the position that it was capricious for Fireman's Fund not to have paid UM benefits because the other vehicle was indisputably uninsured. The liability insurance issue was hotly contested by all parties. In addition, the trial court rejected three motions for summary judgment filed by Brokers and General Agents. We infer that the trial court found a genuine dispute as to the liability insurance coverage until trial. There is no evidence of Fireman's Fund acting capriciously. The determination of whether an insurer is arbitrary and capricious in the refusal to make payments is a mixed question of law and fact. Gallien v. Supreme Contractors, Inc., 448 So.2d 871 (La.App. 3d Cir.1984). We find that Fireman's Fund acted with probable cause in withholding UM benefits. The trial court clearly erred in granting the judgment N.O.V. on the issue of liability for penalties and attorney's fees.

III. SUBROGATION
The jury rounded-off Fireman's Fund's subrogated claim against Goodley. Fireman's Fund requests that we increase the award for storage charges to the proven amount, $250.70, and the award for collision damage to the proven amount, $5,618.50. The record substantiates the request; therefore, the increases are granted.

IV. PLAINTIFF'S ANSWER TO APPEAL
Plaintiff answers Fireman's Fund's appeal requesting an increase in damages and attorney's fees. For the foregoing reasons, the request is denied.

V. DECREE
For the above and foregoing reasons, the judgment of the trial court is amended to reflect an increase in the award for storage fees to $250.70 and collision damages to $5,618.50 in favor of Fireman's Fund. The trial court's judgment N.O.V. relating to plaintiff's physical pain and suffering damages, medical benefits, and penalties and attorney's fees is reversed with the jury's verdict reinstated. In all other respects, the trial court judgment is affirmed at plaintiff's costs.
*533 REVERSED IN PART; AFFIRMED AS AMENDED IN PART.

ON REHEARING
PER CURIAM.
We grant a partial rehearing in this case for the sole purpose of clarifying the adjudication of the costs of court. The trial court's allocation of costs is affirmed. Plaintiff, Mr. Edward Webb, Jr., is taxed with the costs of this appeal, only.
NOTES
[1] La.C.C.P. art. 1811 F provides:

"F. The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues."
[2] La.C.C.P. art. 1736 provides:

"The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, except as otherwise provided under the provisions of Article 1562, there shall be but one trial."
[3] In this case, plaintiff moved for a judgment N.O.V. and for additur or, in the alternative, for a new trial. The trial court entered a judgment N.O.V. from which Fireman's Fund appealed. We reiterate this to highlight the difference between Scott, 496 So.2d 270, a judgment N.O.V. case, and Karl v. Amoco Production Company, 507 So.2d 263 (La.App. 3d Cir. 1987), a remittitur case. In Scott, 496 So.2d at 273, our Supreme Court noted:

"The article [La.C.C.P. art. 1811] does not specify the grounds on which the trial judge may set aside a jury verdict. The Official Revision Comments state that
`... a judgment N.O.V. is based on a different standard [from additur and remittitur] namely, that based on the evidence there is no genuine issue of fact. Thus where the trial court is convinced that, under the evidence, reasonable minds could not differ as to the amount of damages [or as to liability], it should have the authority to grant the appropriate judgment notwithstanding the verdict.'"
[4] At the time of trial, LSA-R.S. 22:658 provided:

"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."
[5] Plaintiff asserts in brief that since Fireman's Fund filed a general denial to plaintiff's petition, that the insurance carrier "automatically subjected itself to the statutory penalty and attorney's fee provided in LRS 22:658." In support, he cites several cases, chiefly Stagg v. New Amsterdam Casualty Company, 166 So.2d 82 (La.App. 3d Cir.1964). The case is inapposite and the contention is meritless. See e.g. Hart, 437 So.2d at 825 and 828, where the UM carrier denied liability in its answer and was not found liable for penalties and attorney's fees for failure to pay the UM claim.