608 So.2d 1045 (1992)
James A. BARNES and Joy Eschette Barnes, Individually And As Administratrix Of Her Minor Daughter, Angelle Domingue
v.
ALLSTATE INSURANCE COMPANY, Gay Lynn Guillot, Lisa N. Chaisson and Louisiana Farm Breaux Mutual Insurance Company.
No. 91 CA 1162.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Jerald P. Block, Thibodaux, for plaintiff-appellee James A. Barnes.
Denis J. Gaubert, III, Porteous, Hainkel, Johnson & Sarpy, Thibodaux, for defendant-appellant Louisiana Farm Bureau Mut. Ins. Co.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
This is a suit brought by plaintiffs, James A. Barnes and Joy Eschette Barnes, individually and as administratrix for her minor daughter Angelle Domingue, for damages sustained in a three-car collision.
On March 30, 1990, Joy Barnes with her daughter as a passenger was driving a vehicle owned by her husband. Mrs. Barnes was travelling in an easterly direction on Hwy. 1 in Thibodaux, Louisiana, when she was struck by an on-coming vehicle driven by Lisa N. Chaisson. Prior to the impact Ms. Chaisson was travelling in the west-bound lane of Hwy. 1 and was unexpectedly struck from the rear by a vehicle driven by Gay Lynn Guillot. The force of the impact propelled Ms. Chaisson's vehicle into a head-on collision with Ms. Barnes's vehicle.
Plaintiffs filed suit against Lisa N. Chaisson, Gay Lynn Guillot, and their liability insurer, Allstate Insurance Company. Plaintiffs also named as a defendant Louisiana Farm Mutual Insurance Company *1046 (Farm Mutual), in its capacity as the uninsured/underinsured motorist insurer of Mr. Barnes. Farm Mutual thereafter filed a cross-claim for indemnity against Ms. Guillot, Ms. Chaisson, and Allstate for any payments made under the medical payments coverage or UM coverage of its policy. Plaintiffs' claims and Farm Mutual's cross-claim were subsequently dismissed as to Ms. Chaisson and Allstate, in its capacity as Ms. Chaisson's liability insurer, by way of summary judgment. Thereafter plaintiffs settled their claims against Ms. Guillot and Allstate and released these defendants.[1]
The matter proceeded to a jury trial with Farm Bureau as the only remaining defendant.[2] The jury awarded Mrs. Barnes $16,037.06 in general and special damages, which included the stipulated amount of $2,279.46 for past medical expenses; the jury also awarded Angelle Domingue $3,500.00 in general damages and $1,321.89 in past medical expenses. Mr. Barnes's claim for loss of consortium was denied. The jury award was modified by the trial court to reflect a credit in the amount of $8,257.60[3] against the award in favor of Mrs. Barnes and $5,000.00[4] against the award in favor of Mrs. Barnes as administratrix of the estate of her minor daughter, Angelle. Consequently, Mrs. Barnes was awarded the sum of $7,779.46 for her individual damages against Farm Bureau; all other claims were dismissed.
The primary issue in this appeal by Farm Bureau[5] is whether the trial court erred in refusing to grant Farm Bureau a credit for the amounts it paid under its medical payments coverage.

PROCEDURAL BACKGROUND
On the day of trial the plaintiffs filed a motion in limine seeking to exclude any evidence of collateral source payments, contending that the law provides that any payments received through insurance or any other collateral source independent of a defendant tortfeasor's procuration or contribution should not diminish the plaintiffs' award. The trial court granted the motion and subsequently denied a motion of the defendant to amend its answer to request a credit for the amounts it had previously paid under its medical payments coverage. Consequently, Farm Bureau proffered evidence to substantiate the medical payments previously made to the plaintiffs.
Defendant asserts that the trial court erred when it granted the motion in limine, denied defendant's motion to amend its answer, and refused to grant defendant a credit for the amounts paid under its medical payments coverage.
Initially we note that the defendant's original answer affirmatively pled "the terms, coverages, and contents of" its policy of insurance. Accordingly, we believe that if the terms of the policy permit a credit for medical payments, the defendant is entitled to the credit without the necessity of specifically pleading a credit for medical payments.
It is axiomatic that an insurance policy is a contract and it constitutes the *1047 law between the parties. Pareti v. Sentry Indemnity Company, 536 So.2d 417, 420 (La.1988). Therefore when policy provisions are clear and free of ambiguity, they must be construed as written. Furthermore, it is a well settled rule that where a plaintiff's total damages do not exceed the UM policy limits and the language of the policy allows it, the UM carrier is entitled to a credit for any amount which it has paid to the plaintiff under the medical payments coverage. White v. Patterson, 409 So.2d 290, 294 (La.App. 1st Cir.1981), writ denied, 412 So.2d 1110 (La.1982); Webb v. Goodley, 512 So.2d 527, 531 (La.App. 3d Cir.1987); Taylor v. State Farm Mutual Automobile Insurance Company, 237 So.2d 690, 693 (La.App. 4th Cir.1970).
Farm Bureau contends that its UM policy unambiguously provides that it is not obligated to pay any amounts under its UM provisions which are payable or have been paid under its medical payments coverage. The pertinent policy provision located in Paragraph (d) under the "Limits of Liability" section of the policy reads:
The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II.
Policy provisions virtually identical to the above provision were interpreted by this court in White v. Patterson, 409 So.2d 290, and Connelley v. Southern Farm Bureau Casualty Company, 219 So.2d 206 (La. App. 1st Cir.1969), to permit a credit for any amounts paid under the medical payments coverage.[6] We agree with this interpretation and accordingly grant Farm Bureau an additional credit for the amount of $2,343.57 against the judgment in favor of Mrs. Barnes individually.
Farm Bureau also assigns error in the trial court's assessment of court costs solely to Farm Bureau. The trial court has great discretion in the assessment of costs and such assessment can only be disturbed upon a showing of an abuse of discretion. LSA-C.C.P. art. 1920; Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.), writ denied, 476 So.2d 353 (La.1985). We find no abuse of discretion herein and affirm the trial court's ruling in this regard.
For the reasons set forth, we amend the trial court judgment to grant Farm Bureau a credit for the amount of $2,343.57 against that portion of the judgment in favor of Mrs. Barnes individually. The judgment is affirmed in all other respects. All costs of this appeal are to be paid by the plaintiffs.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] Ms. Guillot's policy of insurance provided coverage of $10,000 per person and $20,000 per accident. After Ms. Chaisson's claim was compromised, Ms. Barnes received $7,031.50 individually, and $4,000.00 on behalf of Angelle. Farm Bureau stipulated that it had no objection to the apportionment of the liability limits among the settling claimants and agreed that Farm Bureau was entitled to a credit for the amounts actually received by the plaintiffs.
[2] Although the plaintiffs originally sought both compensatory damages as well as statutory penalties and attorney's fees against Farm Bureau, the claims for statutory penalties and attorney's fees were abandoned prior to trial.
[3] Prior to trial both parties stipulated that any judgment received by Mrs. Barnes would be reduced by the $7,031.50 received from Allstate, as the liability insurer of Ms. Guillot, and $1,226.10, which was unconditionally tendered to Mrs. Barnes by Farm Bureau prior to trial.
[4] Prior to trial both parties stipulated that any judgment received by Angelle Domingue would be reduced by the $4,000.00 received from Allstate, as the liability insurer of Ms. Guillot, and by $1,000 tendered by Farm Bureau prior to trial.
[5] Plaintiffs originally answered the appeal seeking an increase in damages. However, in their brief to this court, they have specifically abandoned their appeal.
[6] Other cases permitting credits under different policy language are: Webb v. Goodley, 512 So.2d 527; Bailes v. Southern Farm Bureau Casualty Ins. Co., 252 So.2d 123 (La.App. 3d Cir.1971), appeal dismissed, 261 La. 106, 259 So.2d 29 (1972), cert. denied, 409 U.S. 872, 93 S.Ct. 202, 34 L.Ed.2d 123 (1972); Morgan v. State Farm Mutual Automobile Insurance Company, 195 So.2d 648 (La.App. 3d Cir.), writ refused, 250 La. 638, 197 So.2d 897 (La.1967). Cf. Lawrence v. Dunaway, 554 So.2d 1339 (La.App. 1st Cir.1989).