732 So.2d 650 (1999)
Jacob McBRIDE, et al., Plaintiff-Appellee,
v.
H. BROWN MACHINE SHOP, et al., Defendants-Appellants.
No. 98-1271.
Court of Appeal of Louisiana, Third Circuit.
March 31, 1999.
Writ Denied July 2, 1999.
*651 James Steven Gates, Opelousas, for Jacob McBride, et al.
James Huey Gibson, Lafayette, for H. Brown Machine Shop, et al.
Dale Patrick Martin, Morgan City, for Marcus Boudreaux d/b/a Double B. Transportation etc.
BEFORE: THIBODEAUX, SAUNDERS, AMY, SULLIVAN AND PICKETT, Judges.
SAUNDERS, Judge.
This case arises from an accident on December 10, 1994, wherein a stack of twenty inch (20") casing pipe rolled over John D. McBride, father of Jacob McBride (hereinafter "Plaintiff"), and caused his death. Plaintiff brought a wrongful death and survival action against H. Brown Machine Shop, Inc. (hereinafter "H. Brown"), Shad Mouton (hereinafter "Shad"), Marcus Boudreaux d/b/a Double B Transportation (hereinafter "Boudreaux"), and their insurers. At trial, a jury found no negligence on the part of defendants. The trial judge ruled in favor of Plaintiff's JNOV, and made an allocation of fault between the parties. We reverse in part, and affirm as amended.

FACTS
McBride was a truck driver employed by Ace Transportation, Inc. (hereinafter "Ace"). McBride was dispatched from out of the Double B Transportation terminal to assist in the recovery of a load of casing of another Ace truck which had spilled onto the roadway. McBride had no information regarding the nature of the spilled pipe. Ace hired Brown to provide a crane and a crane operator, Shad, to re-load the casing onto a flatbed trailer which was operated by the deceased. The crane operator did not use "tag lines" to guide the casing onto the flatbed or to remove the crane slings from the casing after each joint was lowered onto the trailer. The truck and trailer operated by McBride were equipped with chains, binders/straps, wood to "chock" a load, and pipe stakes. When the last casing was loaded onto the trailer, McBride climbed on top of the loaded casing to remove the slings of the crane. Pipe stakes were placed on the side of the trailer to prevent the casings from rolling. These, however, failed and when McBride got on top of the load, the casing shifted, rolled, smashed and ultimately killed McBride. The truck and trailer driven by the deceased was owned by Boudreaux, who had leased the truck to Ace.

LAW AND ANALYSIS
The essence of the assignments of error asserted on appeal challenge the trial judge's rule to substitute the fact finder's judgment with his own. All defendants have appealed the trial judge's rule in favor of plaintiffs motion for a JNOV. We address all assignments of error in a complete review of the trial judge's rule maintaining the JNOV motion and his rendering *652 of judgment. La.Code Civ.P. art. 1811 is the authority for a JNOV motion. A judgment notwithstanding the verdict is appropriate where there is no issue of fact. Comments, La.Code Civ.P. art. 1811. "A motion for J.N.O.V. may only be granted if the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue." Cupstid v. Harrison Hardwood Mfg. Co., 552 So.2d 1223, 1225 (La.App. 3 Cir.1989), writ denied, 558 So.2d 572 (La.1990). "[T]he trial court may not weigh the evidence, pass on the credibility of the witnesses, or substitute its reasonable inferences of the facts for those of the jury." Webb v. Goodley, 512 So.2d 527, 530 (La. App. 3 Cir.1987). La.Code Civ.P. art. 1811(F) provides that "[t]he motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues." As a reviewing court, we must determine whether the facts and inferences established in the record point so favorably to the one conclusion that reasonable men and women could not reach the decision made by the jury. See Allen v. Union Pacific R. Co., 29,783 (La.App. 2 Cir. 8/20/97); 698 So.2d 1037, writ denied, 97-2343 (La.11/26/97); 703 So.2d 649.
Boudreaux testified that he was unaware of the size of the pipe and that, had he known, he would not have allowed the truck to be dispatched. The jury weighed the credibility of the testimony and evidence presented at trial and found no actions on the part of Boudreaux that incurred liability. It is beyond the purview of a trial judge to substitute his judgment for that of the jury where fact finders may disagree.
The record indicates that the stakes that gave way on the truck were not designed to handle such a load. The trial judge found that because Boudreaux was the owner of the truck and trailer, under plaintiff's asserted strict liability theory, he must be at fault. This is erroneous. We reverse the JNOV ruling as to Boudreaux who leased the truck and trailer to Ace who used it exclusivelythis equipment was assigned to McBride by Ace, not Boudreaux. At the time of the accident, McBride had the sole custody and care of the equipment pursuant to his assignment by Ace. It appears from the record that this equipment was not under the sole care and custody of Boudreaux, the threshold requirement to holding someone strictly liable. La.Civ.Code art. 2317. Whether Boudreaux could be determined to have custody of the truck and trailer which he leased is a question of fact; it is inappropriate for a trial judge in a JNOV to make this determination in place of a jury. The jury found Boudreaux not at fault, and this, the record shows, a reasonable fact finder could conclude. Hence, we re-instate the jury's finding of no fault as to Boudreaux.
The alternative argument is offered on appeal that Boudreaux is an employee of Ace and, as such, is protected from personal liability for his negligent acts through the Louisiana Workers' Compensation Act. In light of the previous discussion, we pretermit discussion of whether he is an employee of Ace so as to be protected by Workers' Compensation Law.
The trial judge found H. Brown to be 40% liable based on the failure of its employee, Shad Mouton, to use tag lines during the loading procedure. We affirm the trial judges JNOV as to H. Brown, though we now reduce this finding to a 20% assignment of fault. We make this rule in light of the several manuals in the record which set forth the policies and procedures involved in the operation of cranes such as the one deployed by H. Brown in the instant matter. Plaintiff argues and we acknowledge that there is clear language in these manuals indicating that the use of tag lines is a standard procedure and should have been used, to-wit: H. Brown's "Policies and Procedures" manual in the "Cranes" section 21.93.45 provides that "[a]ll lifts should have a tag *653 line attached to aid in its proper movement and orientation during the lift procedures." Also, "[t]ag line personnel must guide the load from the ground." H. Brown's "Operators Safety Manual, Craning Operations" p. 28. In light of these unambiguous requirements, the uncontroverted testimony reveals no tag lines were used in the craning operations performed on the day of the accident. While tag lines are an important device for loading, we recognize that a tag line's primary purpose is to guide and control pipe during the loading process. The tag lines' utility as a safety device, which it would have been had it been used to remove the slings, is a secondary function. For this reason, we allocate only 20% of the fault to H. Brown. It was McBride who failed to use the primary safety devices, e.g., chock/ straps, which was his duty as operator of the truck.
The lower court allocated fault for McBride's death, despite the jury verdict which found not that McBride was 100% at fault, but that no defendant was at fault. The trial judge assigned McBride 30% fault. That McBride did not take due care and acted negligently appears to be agreed upon by all. We affirm the trial judge's JNOV as to McBride but raise the fault allocation to 80%. The actions of McBride, as revealed by the record, provide ample evidence that his acts were negligent. Indicative of McBride's negligence was his breach of the duty of care in failing to evaluate the hazard of climbing on top of the casings. The testimony indicates that he failed to inform his dispatcher of the large size of the pipes. As an experienced truck driver, McBride failed to use due care in determining whether the size of the truck was sufficient for such a load, and he failed to use chocks to prevent the pipe from rolling. In light of the clear evidence of McBride's negligence and the degree thereof, we now allocate fault between H. Brown and McBride as 20% and 80%, respectively.

DECREE
While we reverse the JNOV ruling as to the allocation of fault to Broussard, we affirm the trial judge's ruling as to H. Brown, but only to the extent of finding H. Brown 20% liable. Accordingly, we find that McBride was 80% at fault for the events that transpired. Costs of appeal to be equally shared between plaintiff and H. Brown.
REVERSED IN PART; AFFIRMED AS AMENDED IN PART, AND RENDERED.
AMY, J., DISSENTS AND ASSIGNS REASONS.
SULLIVAN, J., DISSENTS FOR THE REASONS ASSIGNED BY JUDGE AMY.
AMY, J., dissenting.
I respectfully dissent from the majority opinion affirming the trial court's grant, in part, of the JNOV in this matter. Although La.Code Civ.P. art. 1811 does not provide criteria for determining whether to grant a motion for JNOV, the following guidance has been provided by our supreme court:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual *654 questions should be resolved in favor of the non-moving party.
Anderson v. New Orleans Pub. Serv., Inc., 583 So.2d 829, 832 (La.1991) (citations omitted). In reviewing the JNOV, we must determine, using the foregoing criteria, whether the trial court erred in granting the JNOV. See Stevens v. Hartford Ins. Co. of the Midwest, 94-523 (La.App. 3 Cir. 11/2/94); 646 So.2d 981, writ denied, 95-0311 (La.3/24/95); 651 So.2d 296.
In my opinion, the trial court did err in granting the JNOV, as I cannot conclude that the evidence points "so strongly and overwhelmingly in favor of" Plaintiffs that a reasonable jury would be required to find in their favor. That reasonable minds could differ is amply demonstrated by the jury verdict, finding the defendants not negligent, the trial court's JNOV, in which it allocated fault between the defendants and the decedent, and the majority's partial affirmation of the JNOV, in which fault was re-allocated. In my view, these differences of opinion conclusively illustrate the point made by the supreme court that a JNOV is not warranted when "reasonable and fair minded [persons] in the exercise of impartial judgment might reach different conclusions." Anderson, 583 So.2d at 832. Accordingly, I would reinstate the jury verdict.