938 So.2d 759 (2006)
Amy MEAUX
v.
Dr. Aydin ONEL and His Insurer, Progressive Insurance Company, USAA Casualty Insurance Company, and United Services Automobile Association.
No. 2005 CA 1314.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*760 Maurice J. LeGardeur, Jr., Covington, Michael S. Haddad, Mandeville, Counsel for Plaintiff/Appellant Amy Meaux.
Thomas J. Eppling, Craig W. Brewer, Metairie, Counsel for Defendants/Appellees Dr. Aydin Onel and Progressive Security.
Thomas P. Anzelmo, Metairie, for Defendant/Appellee USAA Casualty Insurance Co.
Timothy G. Schafer, T. Gregory Schafer, New Orleans, for Defendant/Appellee United Services Automobile Association.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The two issues on appeal are 1) whether, pursuant to the terms of a stipulation, judicial interest should be calculated before or after agreed credits are subtracted from the amount of the jury verdict, and 2) whether the appellant reserved her right to seek interest. The jury awarded $59,700.78 in general and special damages to the plaintiff, Ms. Amy Meaux. United Services Automobile Association ("USAA") was Ms. Meaux's uninsured motorist/underinsured motorist ("UM/UIM") insurer and the remaining non-settling defendant at the time of trial. The parties stipulated that USAA was entitled to credits equaling $39,598.99. The judgment of the trial court effectively deducted the credits and awarded interest on the balance. Ms. Meaux asserts that the trial court erred in not awarding interest on the full amount of the jury verdict before deducting the credit.

The Stipulation
Ms. Meaux first argues that the language employed in her stipulation with USAA entitles her to interest on the entire amount of the jury award. The parties stipulated in pertinent part:[1]
Amy Meaux received $37,489.18 in compensatory damages from Dr. Aydin Onel's insurance carrier, Progressive Insurance Company, and USAA has made medical payments either to or on behalf of Amy Meaux in the amount of $2,109.81; therefore, USAA is entitled to a credit in these amounts offsetting the total award of all general and special damages awarded Amy Meaux by the jury. . . . (Emphasis added.)
Ms. Meaux argues, without any citation to relevant authority on the subject, that because the stipulation does not mention interest, USAA must be liable for interest on the credited amounts. We are aware of no principle of law supporting this proposition. And we note that by the terms of the stipulation, the credits are to apply directly to offset the "award of general and special damages." Accordingly, we disagree *761 with Ms. Meaux's argument in this regard.

Louisiana Civil Code art. 2913
Ms. Meaux next argues that she has properly reserved her right to judicial interest on the judgment amount. Resolution of this issue is governed by La. C.C. art. 2913 and its interpretive jurisprudence.[2] Article 2913 became effective January 1, 2005. The 2004 Revision Comment instructs us that Art. 2913 "reproduces the substance of Article 2925 of the Louisiana Civil Code of 1870." Art. 2913 article provides: "When the principal of the loan is released without reservation as to interest, it is presumed that the interest is also released."
In applying the terms of former Art. 2925, the Louisiana Supreme Court concluded that, "[w]here the injured party elects to compromise his claim against one solidary obligor, he must either simultaneously assert his claim to judicial interest, or expressly reserve his rights thereto." (Emphasis added.) Martin v. Champion Ins. Co., 95-0030, p. 14 (La.6/30/95), 656 So.2d 991, 999. In Martin, the Supreme Court specifically considered whether a UM insurer was "liable for the payment of judicial interest on the amount paid to the plaintiff by the tortfeasor's insurer." Id., 95-0030 at p. 13, 656 So.2d at 999. Thus, we examine the release at issue to discern whether Ms. Meaux has either simultaneously asserted her claim to judicial interest or expressly reserved her rights thereto.
An order signed January 21, 2004 dismissing Ms. Meaux's claim against one of the defendants contained the clause:
reserving any and all rights that plaintiffs may have against any uninsured/underinsured motorist insurer and against any other party to this action which may provide additional coverage for the acts and damages forming the basis of this consolidated suit. (Emphasis added.)
Regarding this reservation of right, Ms. Meaux first argues that since she "prayed for judicial interest from the date of judicial demand against the UM carrier in her original petition . . ., there was no necessity to reserve it specifically in the release of the primary carrier and its insured." Again, she provides no citation to pertinent authority to support this proposition. And the proposition is contrary to the Louisiana Supreme Court's holding in Martin, 95-0030 at p. 14, 656 So.2d at 999, requiring that a plaintiff must assert his claim for interest or reserve his rights thereto simultaneously with the settlement.
Ms. Meaux next argues that her reservation of "any and all rights . . . which may provide additional coverage" clearly reserves her right to seek interest on the full jury verdict amount.
We disagree. In Malbrough v. Wallace, 594 So.2d 428, 439 (La.App. 1 Cir.1991), this court concluded in an analogous circumstance that a release "reserving all rights to proceed against the uninsured motorist carrier" was "insufficient to reserve plaintiffs' rights to recover" on interest paid by another insurer. This court noted that the release at issue contained no specific language reserving plaintiff's right to proceed against one insurer for interest on the other's policy limits.
Here, we similarly conclude that the language in the release before us is insufficient to reserve Ms. Meaux's right to interest from USAA on the credited amounts. We note the requirement of La. C.C. art. *762 2913 and Martin, 95-0030 at p. 14, 656 So.2d at 999, for an express reservation of right as to interest.
Ms. Meaux next argues that we should remand this matter to the trial court to calculate interest on the credited amounts pursuant to our authority under La. C.C.P. art. 2164. This article requires us to render any judgment that is just, legal and proper based on the record. Finding no legal basis and no compelling equitable reasons, we find no basis for remanding this matter to the trial court.
We note, however, that USAA acknowledges that judicial interest was improperly calculated on the $2,109.81 in medical payments USAA made to Ms. Meaux. USAA stipulates that it owes interest on this sum from March 28, 2002 (the date of judicial demand) to June 5, 2003, the date of last payment. It concedes that it owes Ms. Meaux. an additional $133.31 in judicial interest. We amend the judgment to include a decree casting USAA in judgment to Ms. Meaux in this amount.

DECREE
We affirm the judgment of the trial court in all respects, but we amend the judgment to additionally order, adjudge and decree that there be judgment in favor of the plaintiff, Amy Meaux, and against United Services Automobile Association the amount of $133.31, representing judicial interest due on medical payments from the date of demand through the date of payment. Costs of this appeal are assessed to Amy Meaux.
AMENDED; AFFIRMED AS AMENDED.
CARTER, C.J., and GAIDRY, J., concur.
NOTES
[1] Ms. Meaux also argues that another stipulation supports her claim, but this stipulation recites no liability on any party and merely notes that a released defendant is uninsured or underinsured within the meaning of USAA's policy.
[2] All pertinent prior published jurisprudence addressing reservation and release of interest specifically interprets former Art. 2925. We note that former Art. 2925 was found in Civil Code Book III, Title XII, Chapter 3, entitled, "Of Loan On Interest."