NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1102

CLAUDIA S. BULLER, ET UX.

VERSUS

LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 02-C-3333-A
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Michael G. Sullivan, Judges.

AFFIRMED AS AMENDED.

Jeffrey A. Rhoades
Swift & Rhoades
P. O. Box 53107
Lafayette, LA 70505
(337) 572-9877
Counsel for Defendant/Appellee:
    USAA Casualty Insurance Company

Patrick C. Morrow
Candyce C. Gagnard
Morrow, Morrow, Ryan & Bassett
P. O. Box 1787
Opelousas, LA 70571
(337) 948-4483
Counsel for Plaintiffs/Appellants:
    Claudia S. Buller
    Daniel H. Buller

**Kraig Thomas Strenge**
**Attorney at Law**
**P.O. Drawer 52292**
**Lafayette, LA 70502-2292**
**(337) 261-9722**
**Counsel for Defendant/Appellee:**
      **United Fire & Casualty Company**

**DECUIR, Judge.**

Plaintiff, Claudia Buller, appeals the jury verdict awarding her damages from Defendant, United Services Automobile Association, alleging inadequate jury award and failure of the jury to award future medical expenses, loss of future earning capacity, loss of enjoyment of life, and failure to find Defendant arbitrary and capricious in failing to make a tender. In addition, Plaintiff, alleges error by the trial court in failing to grant post trial motions corresponding to the alleged jury errors and in failing to allow admission of evidence regarding Defendant's policy limits. Defendant answered the appeal alleging error by the trial court in granting Plaintiffs' motions for judgment notwithstanding the verdict on the issues of loss of consortium and penalties and attorney fees, and in awarding legal interest on the portion of the jury's award attributable to the underlying automobile insurance policy. We affirm and amend the amount awarded which is subject to legal interest.

## FACTS

On April 14, 2001, Claudia Buller suffered injury to her neck when Tiffany Cormier's Geo Prism idled forward and struck Buller's Chrysler mini-van while it was stopped at a stop sign. There was no damage to the Prism and only a small hole in the van's plastic bumper. According to the police report, Buller complained of neck pain at the time of the accident. There were no documented complaints of neck pain for the following ten months. However, Buller's husband is a physician and testified that he was treating her during that period. Treatment subsequently was documented, and Buller's physician, Dr. John Cobb, performed a discectomy and cervical fusion, which he testified was designed to correct preexisting arthritis in Buller's neck. Buller continued to work at her job as the Director of Opelousas General Hospital Cancer Center for almost three years after the accident, only stepping down on the day before her surgery. The Bullers brought suit against Cormier and her insurer, Farm Bureau, for which liability was determined on

summary judgment. Trial proceeded against USAA, Buller's underinsured motorist insurer and United Fire and Casualty Company, Buller's umbrella carrier.

The matter proceeded to trial with the jury awarding damages as follows:

| | |
|---|---|
| Pain and Suffering (past and future) | $ 55,000.00 |
| Mental pain and suffering (past and future) | 25,000.00 |
| Past medical expenses | 63,000.00 |
| Past loss of earnings | 79,000.00 |
| Future medical expenses | 0.00 |
| Loss of enjoyment of life | 0.00 |
| Loss of future earnings capacity | 0.00 |
| Disability | 0.00 |
| TOTAL | $ 222,000.00 |

Plaintiff filed several motions for JNOV and a new trial. The trial court granted two of the motions and awarded Daniel Buller $15,000.00 for loss of consortium and awarded Buller penalties and attorney fees for USAA's failure to timely tender medical payments. Plaintiff appealed and Defendant, USAA, answered.

**DISCUSSION**

The issues raised by Plaintiff in this appeal are (1) inadequacy of general damage award, including the failure to award damages for loss of enjoyment of life; (2) failure of the jury to award future medical expenses; (3) failure of the jury to award loss of future earning capacity; (4) failure to find USAA arbitrary and capricious for failure to make a UM tender; and (5) refusal to allow the introduction of evidence related to USAA's policy limits. USAA contends on appeal that the trial court erred in (1) granting JNOV on this issue of loss of consortium; (2) granting JNOV on the issue of penalties and attorney fees; and (3) awarding legal interest on the $25,000.00 in damages attributable to Farm Bureau.

In *Andrus v. State Farm Mutual Automobile Insurance Co.*, 95-0801, p. 8 (La. 3/22/96), 670 So.2d 1206, 1210 (citations omitted), the supreme court stated:

> In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Only if the reviewing court determines that the trial court has abused its "much discretion" may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion.
>
> Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

The manifest error standard of review applies to the grant and/or denial of a motion for JNOV on the issue of damages as well as on the issue of liability. *Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/00), 774 So.2d 84.

## GENERAL DAMAGES

The jury awarded Buller $80,000.00 in general damages as past and future mental and physical pain and suffering. The Plaintiff contends that she is entitled to an increase in the award of general damages.

After reviewing the record, we find that the jury's general damage award is abusively low. We are mindful of the familiar rule that each personal injury case must be evaluated according to its own peculiar circumstances. *Ammons v. St. Paul Fire & Marine Ins. Co.*, 525 So.2d 60 (La.App. 3 Cir.), *writ denied*, 525 So.2d 1045 (La.1988). Therefore, given the extent and nature of Buller's medicals, we conclude that the lowest award that the jury could have reasonably made in this case is $143,000.00. Thus, we amend the award for general damages from $80,000.00 to $143,000.00.

3

# FUTURE MEDICALS

In *Veazey v. State Farm Mutual Automobile Insurance*, 587 So.2d 5, 8 (La.App. 3 Cir. 1991) (citations omitted), this court discussed the burden of proof required to support an award for future medical expenses:

> Future medical expenses, like any other damages, must be established with some degree of certainty. The plaintiff must show that, more probably than not, these expenses will be incurred. Awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost. An award for future medical expenses cannot be based on mere speculation of the jury. Much stronger proof, such as medical testimony of the specific expenses to arise, should be required for such an award.

There is testimony in this case suggesting that Buller would require additional medical follow up and treatment. However, the record also indicates that her husband is a physician and has treated her in the past and that she has arthritis that preexisted the accident. Under these circumstances, it was not unreasonable for the jury to conclude that Buller would not actually incur any medical expenses attributable to the accident.

## LOSS OF FUTURE EARNING CAPACITY

In determining whether a personal injury plaintiff is entitled to recover for the loss of earning capacity, the trier of fact should consider the degree in which the plaintiff's injuries disadvantages her ability to earn, rather than what the plaintiff actually earned prior to the injury. *Jacques v. Moses,* 98-1389 (La.App. 3 Cir. 3/3/99), 737 So.2d 64.

The record is lacking in sufficient evidence to support an award for loss of earning capacity. In fact, Buller worked virtually uninterrupted for nearly three years after the accident and only quit her job the day before surgery. Considering that evidence, together with the testimony regarding the purpose for Buller's surgery, we do not find that the jury abused its discretion in not awarding damages for a loss of

4

earning capacity.

## PENALTIES AND ATTORNEY FEES

Buller contends that the jury erred in failing to award penalties and attorney fees for USAA's failure to make a tender. We agree with the trial court's assessment that the primary defense in this case was causation and that there was sufficient evidence in the record to support the jury's finding that USAA was not arbitrary and capricious in pursuing this defense rather than making a tender.

USAA contends that the trial court erred in granting JNOV finding it liable for penalties and attorney fees for failure to tender medical payments. We agree with the trial court's conclusion on this issue. Given Buller's total medical expenses, even disputing causation of some portion, the failure to tender the $5,000.00 medical payments limit in this case warranted the award of penalties and attorney fees.

## EVIDENCE

Buller contends the trial court erred in refusing to allow the introduction of evidence of USAA's policy limits as a factor for the jury to consider in determining the reasonableness of USAA's failure to make a UM tender.

Louisiana Code of Evidence Article 411 provides that evidence of the amount of liability insurance coverage provided under a policy shall not be presented to the jury unless the amount of coverage is an issue which the jury must decide. In this case, that issue was not before the jury. The trial court properly excluded the evidence.

## LOSS OF CONSORTIUM

USAA contends that the trial court erred in granting Buller's motion for JNOV on the issue of loss of consortium and in awarding $15,000.00.

In *Rowe v. State Farm Mutual Automobile Insurance Co.,* 95-669, p. 25 (La.App. 3 Cir. 3/6/96), 670 So.2d 718, 732 (citations omitted), *writ denied,* 96-824

5

(La. 5/17/96), 673 So.2d 611, this court said:

> The compensable elements of damage in a loss of consortium claim are loss of society, sex, service, and support. "Society" is broader than loss of sexual relations. It includes general love, companionship, and affection that the spouse loses as a result of the injury. 'Service' is uncompensated work around the house or educational help with the children which will, as a result of the injury, have to be obtained from another source and at some price.

After reviewing the record, we find no error in the trial court's grant of JNOV on this issue.

## LEGAL INTEREST

USAA contends the trial court erred in awarding legal interest on the first $25,000.00 in damages attributable to the underlying Farm Bureau Policy. We agree.

In order to recover legal interest from her UM insurer on a tortfeasor's liability insurance limits, a plaintiff must specifically reserve her rights to do so. *Meaux v. Onel,* 05-1314 (La.App. 1 Cir. 06/09/06), 938 So.2d 759, *writ denied* 06-1724 (La. 11/03/06), 940 So.2d 663. In this case, Buller failed to reserve her rights to legal interest with the required specificity. Accordingly, we amend the judgment to provide that legal interest is not due on the first $25,000.00 of damages, said sum being the amount of the underlying insurance policy limits afforded by Farm Bureau.

## DECREE

For the foregoing reasons, we amend the judgment as indicated herein and we affirm the judgment in all other aspects. All costs of these proceedings are taxed to the Defendant, United Services Automobile Association.

**AFFIRMED AS AMENDED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

6