NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-932

SANDRA KAY BERGSTEDT, ET AL.

VERSUS

LOUISIANA FARM BUREAU INSURANCE CO., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-1525
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED IN PART, AS AMENDED; REVERSED IN PART; AND
REMANDED.

James Edward Diaz, Jr.
Attorney at Law
4023 Ambassador Caffery, #100
Lafayette, LA 70503
(337) 988-7240
Counsel for Defendant/Appellant:
State Farm Mutual Automobile Insurance Company

Thomas M. Bergstedt
Felton Paul Leger, Esq.
Brian W. Arabie
Bergstedt & Mount
1011 Lake Shore Drive, Suite 200
Lake Charles, LA 70601
(337) 433-3004
Counsel for Plaintiffs/Appellees:
Thomas M. Bergstedt
Kellen Brody Smith
Sandra Kay Bergstedt
Emily Kay Billups
Kegan Bayne Smith

**EZELL, JUDGE.**

In this matter, State Farm Mutual Automobile Insurance Company appeals the decision of the trial court finding it was not entitled to a credit against its Uninsured Motorists (UM) liability for payments made under the medical payments coverage portion of its policy with its insureds, Tom and Sandra Kay Bergstedt. State Farm also challenges the trial court's awards of interest and costs. For the following reasons, we reverse the decision of the trial court in part, affirm in part, as amended, and remand this matter to the trial court.

This suit arises out of an automobile accident involving the Bergstedts and Wesley Phillips. Mr. Phillips was the sole cause of the accident and died therein. The Bergstedts were badly injured in the accident and filed suit against Mr. Phillips' insurer, Farm Bureau, and their own UM carrier, State Farm, seeking damages. State Farm made $5,000 payments to each of the Bergstedts under the medical payments coverage section of their policy. State Farm informed Farm Bureau that they would waive their subrogation rights to these payments. Farm Bureau settled with the Bergstedts for its policy limits and was dismissed from this suit. Farm Bureau paid each of the Bergstedts $17,500. State Farm also made a tender to Tom Bergstedt under its UM policy of $18,000.

After a trial before a jury, the Bergstedts were awarded damages. Mr. Bergstedt was awarded $83,737 plus interest from the date of suit, subject to a $35,500 credit to State Farm for the UM tender it made and for the settlement payments made by Farm Bureau. Mrs. Bergstedt was awarded $84,200, plus interest from the date of suit, subject to a credit in favor of State Farm for the $17,500 paid to Mrs. Bergstedt by Farm Bureau. State Farm filed a motion for new trial, complaining that it should have also received a credit for each payment of $5,000

1

made to the Bergstedts under their medical payments coverage and that it should not have been cast with court costs or interest on the entire judgment from the date of judicial demand. The motion for new trial was denied.

From this decision, State Farm asserts three assignments of error. State Farm claims that the trial court erred in failing to award it a credit for payments made under the medical coverage portion of the policy; that the trial court erred in assessing it with interest on the entire judgment from the date of judicial demand; and that the trial court erred in assessing it with all costs of court in this matter.

### MEDICAL PAYMENTS CREDIT

In its first assignment of error, State Farm claims that the trial court erred in failing to award it a credit against its UM liability for the $5,000 payments made to each of the Bergstedts under their medical coverage portion of their policy. We agree.

UM coverage is "excess" coverage, and a plaintiff has a right to receive from a UM insurer only that portion of his damages which exceeds the limits of the tortfeasor's liability insurance; even though the trial court might use the word "credit," its judgment does nothing more than determine the amount by which a plaintiff's total damages exceed the tortfeasor's liability insurance limits. *White v. Patterson*, 409 So.2d 290(La.App. 1 Cir.1981), *writ denied*, 412 So.2d 1110 (La.1982). In determining the amount that a UM carrier must pay, the relevant amount is the amount of the tortfeasor's policy limits rather than the actual amount received by a plaintiff. *Edmonds v. Shelter Mut. Ins. Co.*, 508 So.2d 211 (La.App. 3 Cir.1987).

Furthermore, it is axiomatic that an insurance policy is a contract and it constitutes the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So.2d 417

2

(La.1988). Therefore when policy provisions are clear and free of ambiguity, they must be construed as written. *Barnes v. Allstate Ins. Co.*, 608 So.2d 1045 (La.App. 1 Cir.1992). It is a well settled rule that where a plaintiff's total damages do not exceed the UM policy limits and the language of the policy allows it, the UM carrier is entitled to a credit for any amount which it has paid to the plaintiff under the medical payments coverage. *Sutton v. Oncale*, 99-967 (La.App. 5 Cir. 3/29/00), 765 So.2d 1072; *Barnes*, 608 So.2d 1045; *White*, 409 So.2d at 290.

State Farm contends that its UM policy unambiguously provides that it is not obligated to pay any amounts under its UM provisions which have been paid under its medical payments coverage. The pertinent policy provision, located in paragraph (4) under the "Limits of Liability Under Coverage U" section of the policy, reads: "The uninsured motor vehicle coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage."

The Bergstedts each received payments of $5,000 from State Farm originating from the medical payment coverage section of their policy. Rather than forcing Farm Bureau to withhold $10,000 from its payment to the Bergstedts in the face of any subrogation claim from State Farm, State Farm waived its right to subrogation against Farm Bureau for these payments. This allowed Farm Bureau to pay the Bergstedts the full amount contained within its policy limits while State Farm retained its own right to claim the credit established by the policy. The trial court acknowledged the law cited above and the language of the policy, but felt that State Farm's waiver of its subrogation claim against Farm Bureau somehow negated this jurisprudence. This conclusion was incorrect based upon the law and facts of this case. In fact, had State Farm forced Farm Bureau to pay it the $10,000, Farm Bureau would have owed it for the medical payments in subrogation and forced Farm Bureau to withhold that amount

3

from the settlement payment to the Bergstedts, then State Farm would no longer have been entitled to the credit it now seeks. *See Sutton,* 765 So.2d 1072. Furthermore, to allow the Bergstedts to recover the $10,000 paid under the medical payments coverage without allowing State Farm a credit for those payments, as called for by the policy chosen by the Bergstedts, would allow the Bergstedts a double recovery on that amount despite the unambiguous language of their policy.

Because the Bergstedts total damages do not exceed the UM policy limits and the language of the policy specifically calls for it, State Farm is entitled to a credit for any amount which it has paid to the Bergstedts under the medical payments coverage. Accordingly, this finding of the trial court is reversed.

## INTEREST

As its next assignment of error, State Farm claims that the trial court improperly calculated interest it owed to the Bergstedts, asserting that the Bergstedts are not entitled to interest on the settlement amounts paid by Farm Bureau, as they failed to specifically reserve their right to judicial interest in their dismissal of Farm Bureau. Again, we agree.

Liability and UM insurers "owe interest on their policy limits from the date of judicial demand." *Martin v. Champion Ins. Co.*, 95-30, p.5 (La. 6/30/95), 656 So.2d 991, 995; (*citing Ainsworth v. Gov't Employees Ins. Co.*, 433 So.2d 709 (La.1983)). "The tortfeasor, its liability insurer and the UM carrier are solidarily bound to repair the damage caused by the tortious conduct." *Id*. at 999.

Louisiana Civil Code Article 2913 became effective January 1, 2005. The 2004 Revision Comment instructs us that Article 2913 "reproduces the substance of Article 2925 of the Louisiana Civil Code of 1870." Article 2913 provides: "When the principal of the loan is released without reservation as to interest, it is presumed

4

that the interest is also released."

In *Martin*, 686 So. 2d at 999, the Louisiana Supreme Court specifically considered whether a UM insurer was "liable for the payment of judicial interest on the amount paid to the plaintiff by the tortfeasor's insurer." Applying the terms of former La.Civ.Code art. 2925, the Supreme Court concluded that, "[w]here the injured party elects to compromise his claim against one solidary obligor, he must either *simultaneously assert his claim to judicial interest, or expressly reserve his rights thereto*." *Id.* (emphasis added).

Therefore, a UM insurer is liable for the judicial interest on the amount paid to the plaintiff by the tortfeasor's insurer when the plaintiff elects to compromise his claim against one solidary obligor, but only if the plaintiff either simultaneously asserts his claim to judicial interest, or expressly reserves his rights thereto. Thus, we examine the release of Farm Bureau to discern whether the Bergstedts have either simultaneously asserted their claim to judicial interest or expressly reserved their rights to interest on amounts paid by Farm Bureau.

The order of dismissal releasing Farm Bureau from this lawsuit states "plaintiffs respectfully request that all causes of action in the above-referenced case against **LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY** be dismissed with prejudice, with plaintiffs reserving their rights to proceed against all other parties herein. . . ."

In *Malbrough v. Wallace*, 594 So.2d 428, 439 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 196 (La.1992), the first circuit concluded in an analogous circumstance that a release "reserving all rights to proceed against the uninsured motorist carrier" was "insufficient to reserve plaintiffs' rights to recover" on interest paid by another insurer, noting that the release contained no specific language

5

reserving plaintiff's right to proceed against one insurer for interest on the other's policy limits. *See also Meaux v. Onel*, 05-1314 (La.App. 1 Cir. 6/9/06), 938 So.2d 759, *writ denied*, 06-1724 (La. 11/3/06), 940 So.2d 663.

Here, the language in the Bergstedts' release is even less encompassing than that in *Malbrough*, and clearly lacks a specific reservation of their rights to the interest in dispute. Accordingly, we must conclude that the language in the release before us is insufficient to reserve the Bergstedts' right to interest from State Farm on the amounts paid by Farm Bureau, as the release fails to meet the requirements of La. Civ.Code art. 2913 and *Martin* for an express reservation of right as to interest.

The ruling of the trial court that the Bergstedts are entitled to interest on the payments made by Farm Bureau is hereby reversed. Because the record before us does not allow us to determine the amount of interest due by State Farm, we hereby remanded this matter to the trial court for recalculation of the interest in accordance with this decision.

## COURT COSTS

Finally, State Farm claims that the trial court erred in assessing it with all court costs in this matter, as the judgment of dismissal releasing Farm Bureau from this suit included language that Farm Bureau was to pay all of its costs as well as those incurred by the Bergstedts through May 16, 2006.

The trial judge has great discretion in awarding costs, and his assessment of costs can be reversed by the appellate court only upon a showing of an abuse of discretion. *Barrilleaux v. Franklin Found. Hosp.*, 96-343 (La.App. 1 Cir.11/8/96), 683 So.2d 348, *writ denied*, 96-2885 (La. 1/24/97), 686 So.2d 864. Considering the fact that the lion's share of the costs of this suit arose after the dismissal of Farm Bureau, we can find no abuse of discretion in the decision of the trial court in

6

awarding costs against State Farm. However, the language of the trial court that "all costs" of this matter are assessed against State Farm and the fact that Farm Bureau has already paid the costs incurred by it in this matter can be seen as creating some confusion. For this reason, we affirm the assessment of costs against State Farm but amend the ruling for the sake of clarification to indicate that State Farm shall not be liable for the costs already paid by Farm Bureau.

## DECREE

The decision of the trial court that State Farm is not entitled to a credit for each $5,000 medical coverage payment made to the Bergstedts is hereby reversed. The decision of the trial court that State Farm is liable for interest on settlement amounts paid by Farm Bureau is likewise reversed. State Farm is hereby awarded a $5,000 credit for the medical payment made to Mr. Bergstedt and a $5,000 credit for the medical payment made to Mrs. Bergstedt. The award of trial court costs in this matter is affirmed as amended. This matter is hereby remanded to the trial court for calculation of the interest owed by State Farm in conjunction with this decision. Costs of this appeal are to be split between the parties.

**AFFIRMED IN PART, AS AMENDED, REVERSED IN PART, AND REMANDED.**

THIS OPINION NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Rule 2-16.3 Uniform Rules, Court of Appeals.